## International & Great Northern Railroad Company v. William Russell.

### Decided December 11, 1907.

**1.—Railway—Fences—Gates—Killing Stock.**

No action lies against a railway company for negligence in killing stock on its fenced right of way by reason of the fact that they got on the track through a gate left for crossing for the benefit of the adjoining land owners, the latch of which had become defective, in the absence of any undertaking on its part to keep the gate closed or in repair.

**2.—Same—Proximate Cause.**

When the gate opening upon a private crossing over a railway track was securely fastened at night but left open during the night by persons passing, whereby stock escaped onto the track and were killed, the proximate cause of the loss was such act of leaving the gate open and the railway company was not responsible.

Appeal from the County Court of Falls County. Tried below before the Hon. D. H. Boyles.

*Martin, Spivey & Carter,* for appellant.—Liability of the company could not be predicated upon the defective fastening of the gate. St. Louis S. W. R. R. Co. v. Adams, 24 Texas Civ. App., 231; Missouri, K. & T. v. Bradshaw, 83 S. W. Rep., 897; International & G. N. R. R. v. Hall, 12 Texas Civ. App., 11; Missouri, K. & T. v. Johnson, 39 S. W. Rep., 323; International & G. N. R. R. v. Richmond, 67 S. W. Rep., 1029; San Antonio & A. P. R. R. v. Robinson, 17 Texas Civ. App., 400.

It is the duty of the person for whose benefit and use a private gateway is left, to keep the same closed. San Antonio & A. P. R. R. v. Robinson, 17 Texas Civ. App., 400; Texas & P. R. R. v. Glenn,

8 Texas Civ. App., 301; Missouri, K. & T. R. R. v. Bradshaw, 83 S. W. Rep., 897; Missouri, K. & T. R. R. v. Tolbert, 90 S. W. Rep., 508.

Where a gate for a private crossing is left open by some third person, and loss is caused to the person for whose use, benefit and convenience such passageway is left, the railroad company is not liable. Texas & P. R. R. v. Glenn, 8 Texas Civ. App., 301; Missouri, K. & T. R. R. v. Bradshaw, 83 S. W., 897.

*Nat Lewellyn,* for appellee.—When a gate is in defective condition on account of the negligence of the railway, and is passed through by some third party, and failing to close said gate is caused by the negligence of the railway, the railway would be responsible. Cole v. St. Louis S. W. Ry., 43 Texas Civ. App., 419.

FISHER, Chief Justice.—This is a suit brought in the County Court of Falls County by the appellee against the railway company to recover the value of one mare and one mule, which is alleged to have been run over and killed by one of appellant's trains. The judgment below was in favor of appellee for $300.

There are several assignments of errors presented in appellant's brief which we find not necessary to discuss, as we have finally disposed of this appeal on the questions of fact that arise in the record.

The animals were killed at what is known as the Connoly Switch, which was put there for the benefit of the Connoly farm. The right of way of the railway going through the Connoly farm is fenced, which fence was put there by the railway company. On the west side of the farm there are three gates and an equal number on the east side. The appellee is a tenant on the Connoly farm, and on the east side of the railway and adjoining the right of way fence he controls and cultivates a field. The right of way fence is the west boundary of this field. In this enclosure there are located three gates, and the animals escaped from the field to the right of way through what is known as the north gate. These gates were placed in the right of way fence merely for the convenience of the owners and tenants of the Connoly farm, but it appears from the evidence that the passway leading through these gates from one side of the track to the other was used by other people, but there is nothing to justify the conclusion that this was a public way.

At the place where the switch is located on the Connoly farm there is no regular station, but it is merely used as a flag station. It appears from the evidence that there is no defect in the right of way fence, but the north gate through which the animals escaped from appellee's field is merely defective in its latch by which it is fastened. There is no evidence in the record that the railway company ever undertook to assume any control over these gates, or charged itself with the duty of keeping them in repair and in proper condition and closed; and, as said before, they were merely put there for the convenience of the owners of the farm. The appellee turned his two animals in his field on the east side of the tract that he was cultivating, and at night fastened the north gate securely, as we take

it from his evidence, with a wire. Some time during the night this gate was opened, evidently by some one passing through it who failed to properly fasten it and thereby permitted the animals to escape from the appellee's field to the railway track, where they were killed. They were run over some time during that night, the exact hour is not definitely shown, but we take it from the evidence of the appellee that it must have been by a train that passed north somewheres near daylight. There is no evidence in the record of any importance that would suggest the idea that those operating the train that killed the animals saw them on the track in time to have stopped the train, or that they were guilty of any negligence in running them down.

There is no dispute in the evidence as to the facts stated. There are two reasons why the judgment below should be reversed and rendered in favor of the appellant: First, the railroad company rested under no duty to keep these gates closed or in repair, and this branch of the case is controlled by the cases of Texas & Pac. Ry. v. Glenn, 8 Texas Civ. App., 301, and St. Louis S. W. Ry. v. Adams, 24 Texas Civ. App., 231.

If the railway company had attempted to exercise any control over these gates, and had assumed the duty of keeping them in repair, a different case would have been presented. Or, as has been held, if there was a defect in the right of way fence immediately adjoining the gate or the posts to which it was fastened as a part of the system of fence, and as a part of the fence, which the railway was required to keep in repair, and the railway company had discovered in repairing the fence a defect in the gate, it might be charged with the duty of repairing the same.

Second.—If it could be held that the railway company in this instance was responsible for keeping the gate closed or in repair, we are clearly of the opinion that the failure to do this was not in this instance the proximate cause of the death of the animals. There should be given to the act of the plaintiff in securely fastening the gate on the night that the animals were killed the same effect as if such act had been performed by the appellant. Of course, no one will contend that the duty imposed upon the appellant to keep the gates fastened would require it to have stationed at that place a guard or watchman at all hours of the night and day, in order to see that the gate was kept properly fastened; and if the duty was imposed upon the appellant, all that the law would require would be the exercise of ordinary care to see that this duty was performed. If the railway company, through one of its employes had securely fastened the gate as the appellee did, on the night that the animals escaped, it would be a difficult matter to say that this would not be the exercise of ordinary care, unless some time during the night, prior to the time that the animals escaped, the employes who were charged with the performance of this duty, had become aware that the gate had become unfastened or left open. But there is nothing of the kind shown by the evidence. The gate being closed and securely fastened, the act of some third party in passing through during the night and leaving it open was the proximate cause of the animals escaping from

the field to the track; and there being no negligence shown in running them down, the proximate cause of death would be the wrongful conduct of the third party in producing a condition that permitted them to wander upon the track.

For the reasons stated, the judgment below is reversed and here rendered in favor of appellant.

*Reversed and rendered.*