MISSOURI, K. & T. RY. CO. OF TEXAS v. WITHERS. (No. 5338.)

(Court of Civil Appeals of Texas. Austin. May 6, 1914.)

1. RAILROADS (§ 446*)—INJURIES TO ANIMALS ON TRACKS—JURY QUESTION.

In an action for the value of a mule killed by one of defendant's trains, where there was evidence of defendant's negligence in the particulars charged, the question of negligence was for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

2. RAILROADS (§ 413*)—INJURIES TO ANIMALS ON TRACKS — FENCES — DUTY TO REPAIR GATES.

Where a railroad company assumed the duty of keeping in repair a gate which, for the benefit of plaintiff, it placed in the fence along its right of way, plaintiff is entitled to recover for the value of a mule which escaped because of defects in gate and was killed on the right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1459–1472; Dec. Dig. § 413.*]

3. APPEAL AND ERROR (§ 882*)—REVIEW—ESTOPPEL TO ALLEGE ERROR.

Where special instructions given at appellant's request were not correct, the conflict between such instructions and the court's charge which correctly declared the law is no ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by H. C. Withers against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

A. B. Storey, of San Antonio, and Jeffrey, Jeffrey & Fielder, of Lockhart, for appellant. E. B. Coopwood and M. O. Flowers, both of Lockhart, for appellee.

KEY, C. J. Appellee sued appellant for the value of a mule, alleged to have been killed by one of appellant's passenger trains; and, from a judgment in favor of the plaintiff, this appeal is prosecuted.

[1] Appellant's right of way was fenced at the place where the animal was killed, and the proof indicates that it made its escape

from appellee's field onto the right of way through a gate that appellant had put in the fence. Appellee charged in his petition that appellant was guilty of negligence in letting the fence and gate get out of repair, so that the mule could go on the right of way, and that the employés in charge of the train saw the animal on the track and were guilty of negligence in not checking the speed of the train, so as to avoid injuring it. The plaintiff submitted testimony tending to support both of his allegations of negligence, and therefore the court properly submitted both of them to the jury.

[2] Appellant contends that it could not be held liable upon the theory that the gate was out of repair, because the proof shows that it was put there for the benefit of the plaintiff and his tenants. It was also shown by uncontroverted proof that appellant had always assumed the duty of keeping the gate in proper repair, and that fact, it seems, takes the case out of the rule invoked by appellant. Railway Co. v. Russell, 48 Tex. Civ. App. 155, 106 S. W. 438.

Appellant urges some objections against the court's charge; but, being of the opinion that they are not tenable, they are overruled.

[3] We are disposed to concur in appellant's contention that there was conflict between the court's charge and some of the special instructions given at appellant's request; but, to the extent of such conflict, the requested instructions were not correct, and should not have been given, and therefore we hold that the conflict referred to affords no ground for reversing the case.

There are some other assignments in appellant's brief, all of which have received due consideration, and are overruled.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.