## JOHN BYRD v. THE STATE.

No. 3654. Decided May 13, 1908.

**1.—Local Option—Publication—Certificate of County Judge.**

Where the certificate of the county judge, with reference to the publication of the result of the local option election, showed that the same was made in a newspaper for the time and in the manner required by law, the same was sufficient.

**2.—Same—Charge of Court—Publication.**

Where upon trial of a violation of the local option law the evidence showed that the sale occurred long after the expiration of the twenty-eight days of publication, and that four publications were made, the court correctly refused a requested charge that such publication must have been made for such length of time as to allow twenty-eight days to elapse between the first and last publication.

**3.—Same—Charge of Court—Presumption of Law.**

Where upon trial of a violation of the local option law the question of publication was one of law and not of fact, and the evidence showed four successive publica-

tions, and that the alleged sale occurred long thereafter, the defendant contending that the law required five, there was no error in the court's charge that local option was in force in the county affected; and this although one of the dates stated in the charge was erroneously stated.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for selling to Bob Parks one half pint of whisky in violation of the local option law.

There was an issue of fact so far as the sufficiency of the evidence is concerned. The testimony for the State is sufficient to authorize the jury to convict. The first bill of exceptions was reserved to the introduction of the publication of the result of the election by the county judge, which, as shown in the certificate, was made in the Pecan Valley News, a newspaper published in Brown County Texas, "for the time and in the manner required by law." This order was entered on the minutes of the commissioners court of said county on the 16th day of November, 1906, at 3 o'clock, p. m. and officially signed by the county judge. It is objected that it does not specifically show that it was published for four successive weeks; that it does not show on its face that it was published for twenty-eight days; that it does not show on its face there were twenty-eight days intervening between the first and last insertion for publication in said Pecan Valley News. These objections were overruled. We are of the opinion that the entry by the judge upon the minutes is a sufficient compliance with the law. The statute does not require that each publication shall be entered of record. It does require, however, that such entry when made shall show that it was either done by posting or by publication in a newspaper as required by law, and we are of opinion that the general statement officially made by the county judge to the effect that in so far as the time and manner of it is concerned, is sufficient, to wit: "for the time and in the manner required by law."

What has been said in reference to the above bill is also applicable to bill of exceptions No. 2. It presents the same question in another form.

Appellant requested a charge to the effect that before the local option law can legally go into effect, the order declaring the result of the election must be published for such length of time that twenty-eight days should elapse between the first and last publication of said order, and unless the jury should believe beyond a reasonable doubt that twenty-eight days elapsed between the first and last publication of the order declaring the

result, appellant should be acquitted. This requested instruction was properly refused. The question was settled adversely to appellant in a case decided at the recent Dallas Term. The conclusion there reached was that four publications was a sufficient compliance with the law, but a party could not be prosecuted for the sale of intoxicants within the given territory until after the consummation of the twenty-eight days from the time of the first publication. The sale in this case occurred long after the expiration of the twenty-eight days of publication.

The court charged the jury as follows: "You are instructed that the local option law was in force in Brown County, Texas, on the 27th day of February, 1907, and had been since the 16th day of November, 1906." Objection was urged to this charge that it was upon the weight of the evidence, this being a contested question of fact and an issue on the trial. There was no question of fact at issue on this question as we understand this record. The contention of appellant was one of law and not of fact, to wit: that there must be five publications in order to put the law into operation, as it would take five distinct publications to legally publish the result of the election. The fact was not controverted, nor was it an issue that there were only four publications, and if the court was in error in the charge, it was one in regard to a legal question, to wit: that the law was sufficiently published. The court unquestionably assumed by the charge that it had been. It may be conceded that the court was in error in stating that the law was in force from the 16th day of November, 1906. Under this statement by the court the law would have been in effect in less than twenty-eight days; but that, it occurs to us, does not amount to a reversible error, because appellant could not have been injured in that the sale occurred in February, 1907, some months after the completion of the publication. The court was correct in instructing the jury under the facts of this case that the law was in effect at the time of the alleged sale.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*