HUGH ELLIS v. THE STATE.

No. 645.   Decided May 25, 1910.

Rehearing granted June 15, 1910.

**1.—Local Option—Charge of Court—Law in Force—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, there was no evidence that the local option law was in force in the county of the prosecution, the court erred in charging the jury that said law was in force.

**2.—Same—Charge of Court—Sale—Misdemeanor—Special Instruction.**

Where, upon trial of a violation of the local option law, the court properly defined a sale, and submitted the theory of defense, and defendant did not ask further special instructions and except to the court's charge, there was no error.

**3.—Same—Indictment—Deputy Sheriff.**

The fact that one of the grand jurors who signed the indictment as foreman was a deputy sheriff at the time, was no disqualification.

**4.—Same—Evidence—Bill of Exceptions.**

Where the defendant objected to certain questions asked by the county attorney with reference to a certain book, and it appeared on appeal that the bill of exceptions failed to show what defendant answered to said questions, there was no error.

**5.—Same—Evidence—Book—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, the bill of exceptions did not show the answers of the witness with reference to certain questions concerning a book from which the county attorney asked the questions, and which itself was not offered in evidence, there was no error; besides the questions were legitimate.

**6.—Same—Verdict, Certainty of.**

Where, upon trial of a violation of the local option law, the language of the verdict was "a fine of $50 and forty days in jail," the same was sufficiently plain and there was no reversible error.

Appeal from the County Court of Upshur.   Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

*J. S. Barnwell,* for appellant.—On question of failure of proof that local option was in force:   Marks v. State, 10 Texas Crim. App., 334; Veal v. State, 8 Texas Crim. App., 474; Scott v. State, 44 S. W. Rep., 495; Johnson v. State, 44 S. W. Rep., 834; Aston v. State, 49 S. W. Rep., 393; Ladwig v. State, 40 Texas Crim. Rep., 485, 51 S. W. Rep., 390.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating

the local option law, the punishment being assessed at a fine of $50 and forty days imprisonment in the county jail.

There was a motion made to quash the indictment. None of the grounds urged are sound. A brief statement of the facts disclose that Whitworth, the alleged purchaser, testified that he lived about eight miles northeast from the town of Gilmer; that he saw appellant on the 15th of April, 1909, went to his house and was informed that he was on the creek fishing; that he went to the creek and told appellant that he wanted some whisky, who replied that he might find something. They went up the road in the direction of Bettie, toward defendant's house, about a quarter of a mile. Witness says he stopped and appellant went on and was gone some ten or fifteen minutes; he returned within twenty or twenty-five steps of witness, went out in the woods, returned and went on back in the direction of where witness had found him fishing. Witness went to the place where appellant came out of the woods, and out in the woods about fifteen steps and found a bottle of whisky by a pine stump. Witness had previously at the creek given appellant a dollar. He says he did not know who put the whisky in the thicket nor to whom it belonged. He said, "I might have owed Ellis a dollar; don't think I did." He also says he might have given appellant the dollar before he mentioned anything to him about the whisky; that his wife had spells, something like fits, about twice a month, and that he wanted the whisky for her; that he drank some of the contents of the bottle, and had he drank enough it would have affected him. He says he did not know whether the bottle had been opened before he got it or not. That his wife was no worse at that time than usual. That he sometimes ordered whisky. Appellant testified in his own behalf, and stated that he lived near Bettie, about eight miles north of the town of Gilmer, and had so resided for seven or eight years; that he did not sell the whisky to Whitworth at any time; that Whitworth came to where he was fishing on the creek, and gave him a dollar which he owed him, and which appellant had previously loaned him at Bettie about three weeks before this occurrence. He says Whitworth told him that his wife was sick, and asked him if he knew where he could get some whisky; that he told Whitworth they might find some. That they went up the road near where appellant lived, and appellant went in a thicket and looked for some but did not find it. That he came out and returned to the creek where he was fishing, and saw nothing more of Whitworth that day, and did not know whether Whitworth found any whisky or not. That he did not sell him any whisky, and that Whitworth did not pay him for any whisky. Being crossed he said he did not know why he went up the road with Whitworth; that he went up the road towards his house a short distance and returned. The following is reproduced from his testimony:

"Isn't it a fact that you went up there just taking exercise? A. I

reckon so. Q. Didn't you have whisky shipped to you by express? A. I think I had some whisky shipped to me by express and some other stuff. Q. Didn't you have 50 pounds of whisky shipped to you by express on April 15, 1909? A. Don't know. Q. Didn't you have 100 pounds of whisky shipped to you by express on March 24, 1909? A. Don't ——. Q. Didn't you have 75 pounds of whisky shipped to you by express on the 20th of March, 1909? A. Don't know. Q. Didn't you have 45 pounds of whisky shipped to you by express on March 17, 1909? A. Don't know. Q. Didn't you have 45 pounds of whisky shipped to you by express on March 10, 1909? and didn't you have 45 pounds of whisky shipped to you on March 4, 1909? A. Can't be positive. Q. Didn't you have 45 pounds of whisky shipped to you by express on March 3, 1909? A. Don't know. Q. Didn't you have 45 pounds of whisky shipped to you on February 25, 1909? A. Don't know; can't be certain. Q. And didn't you have 50 pounds of whisky shipped to you by express on the 6th day of January, 1909? A. Don't know; had whisky shipped along about that time, I think. I do not know why I went out in the woods. I did not put the bottle of whisky by the stump that Whitworth says he got." On redirect appellant stated that about the first of the year, 1909, he got some goods and some whisky by express, but did not recall the amount of either the goods or the whisky that he received. Being recalled, Whitworth testified that he went down to see Hugh Ellis to get a quart of whisky. He was not at home, and being informed that he was on the creek fishing, he went down in the bottom and holloed; that somebody answered; that he went to the person and found it was Hugh Ellis. That if there was any conversation about whisky witness did not remember it; that he gave appellant a dollar to get a quart of whisky. He says: "I do not think I owed him any money; had not borrowed any from him that I know of. I gave him the dollar to get whisky with. I do not know who the whisky belonged to. The defendant did not deliver it to me." This is a statement of the evidence briefly summed up.

1. The only objection urged to the charge in motion for new trial is that paragraph in which the court informed the jury that the local option law was in effect in Upshur County, and that the word "sale" in that paragraph was not necessary, and was calculated mislead the jury, and that it was prejudicial, and also that the next paragraph of the charge which charged the jury if they believed a sale of intoxicating liquors had been made and was then and there prohibited in Upshur County, they would find defendant guilty. We are of opinion there is no merit in these contentions. In the first charge complained of the jury were informed that the statute provides. if any person shall sell any intoxicating liquor in any county in which the sale of intoxicating liquor has been prohibited under the laws of this State he shall be punished; and further this clause: "I charge you that local option was in force in Upshur

County at the time the sale is alleged to have been made." There was no question raised that local option was in effect in the county, and under the decisions of this court this charge was not error. Where there is no question of the fact that local option is in effect, the court may so inform the jury. There was no issue made in this case on that question.

The next clause of the charge of which appellant complains is where the court applied the law to the facts and instructed the jury that if they should find beyond a reasonable doubt that appellant did unlawfully sell intoxicating liquor to J. W. Whitworth, as charged, and that the sale of intoxicating liquor had been and was then and there prohibited in said Upshur County, etc., they would find him guilty, giving the appropriate punishment. Then follows the definition of a sale, which is correct. As these matters are set forth in the charge, we are of opinion there is no merit in the contentions of appellant. There was no exception taken otherwise than as stated. Appellant asked the following instructions: "You are charged at the request of the defendant that if the witness J. W. Whitworth owed Hugh Ellis $1, and paid him the dollar, Ellis had the right to apply it to said debt, and if you so believe you will find the defendant not guilty." This charge was given. If appellant was not satisfied with the charge as given, and desired other instructions, he should have asked the same. This being a misdemeanor, it is not sufficient to except to the charge as given by the court, but special requested instructions must also be asked covering the supposed error in the charge, and an exception reserved to the refusal to give such instructions.

There is another criticism of the court's definition of the word "sale," which we think is without merit. The definition of a sale given by the court is in the following language: "A sale in law is the transfer of property from one person to another for money or some valuable consideration and in this case the burden is on the State to show a sale as charged." No special instruction was requested in regard to this matter, and as given, we think, it is not only sufficient, but appellant can not take advantage of any supposed defect without requesting an instruction covering any supposed or real omission in the charge.

2. There are quite a number of bills of exception. The first was reserved to the refusal of the court to quash the indictment and sustain a plea in abatement. Green, who was, or had been, a deputy sheriff, signed the bill of indictment as foreman of the grand jury. This question was decided adversely to appellant in the recent cases of Edgar v. State, and Trinkle v. State, decided at the present term.

3. Another bill of exception recites that while appellant was testifying the county attorney produced a book about twelve or fourteen inches square, half an inch thick, and opened the book and pointed to the book with his finger, and asked defendant in the presence and

hearing of the jury if he did not get by express on the 5th day of April, 1909, 50 pounds of whisky. Appellant objected for the reason that same was leading and prejudicial to his rights before the jury. The court overruled the objection. This bill can not be considered. It does not show where there was any error, and it also fails to show that appellant answered and what his answer was if any he made.

4. Another bill recites that defendant moved the court to strike from the jury and instruct them not to consider as evidence the book handled in front of them by the county attorney or the questions asked the defendant about receiving whisky by express, and calling the court's attention that the county attorney had stated when the first objection was raised that it was for the purpose of laying a predicate to impeach the defendant, there being no proof other than as above stated, offered on said point by the county attorney, it was immaterial, irrelevant, leading and misleading and calculated to and did mislead the jury. The bill further recites the county attorney having produced the book, and turning from page to page in it and asking the defendant nine times in succession in a loud and commanding tone and pointing to the book with his finger if he did not get by express whisky on certain named dates, which are unnecessary here to state, to all of which appellant excepted. This bill is signed with the explanation that "The book was not offered in evidence nor shown to the jury; it lay before the county attorney as a memorandum." There was no answer given by appellant as a witness so far as this bill of exception is concerned. Therefore, we think there is no error shown by this bill insofar as the court's refusal to strike from the jury and instruct them not to consider the book in evidence is concerned. The bill does not show the book was offered in evidence, and the court states that it was not offered in evidence or shown to the jury. Under the circumstances of this case, we are of opinion, however, that the State could have shown by legitimate means that appellant was shipping quantities of whisky during January, February, March and up to the 5th of April.

5. Another bill was reserved to the verdict in that it was excessive, and failed to state that appellant should be imprisoned for forty days, and in what jail he was to be placed is not stated, the language being "a fine of fifty dollars and forty days in jail." This bill is thus qualified: "Defendant did not take any bill of exceptions at the time the verdict was rendered." There is no merit in the contention of appellant in regard to the verdict. It is sufficiently plain to show that appellant was fined the sum of fifty dollars, and that his imprisonment was to be forty days in jail. While the evidence is circumstantial, yet we are of opinion that it is sufficient to show that appellant sold the whisky to Whitworth on the occasion testified by Whitworth and himself.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 15, 1910.

DAVIDSON, PRESIDING JUDGE.—At a former day of the term the judgment herein was affirmed. On motion for rehearing it is urged that the court was in error because of the fact that the record does not show that local option law was in effect in Upshur County. This case is in the same condition as Hugh Ellis v. State, No. 646, this day decided in an opinion by Judge Ramsey on the identical question herein involved. For the reasons set forth in the opinion granting the rehearing in that case, the judgment of affirmance herein is set aside, and the motion for rehearing is granted, and the judgment is now reversed and the cause is remanded.

*Reversed and remanded.*