## JOE GILLREE v. THE STATE.

### No. 806. Decided November 16, 1910.

**1.—Intoxicating Liquors—Occupation—Local Option—Indictment.**

Where, upon trial of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in local option territory, the indictment followed precedent, there was no error in overruling a motion to quash. Following Mizell v. State, 59 Texas Crim. Rep., 226; Fitch v. State, 58 Texas Crim. Rep., 366.

**2.—Same—Charge of Court—Occupation—Business—Vocation.**

Under the Act of the Thirty-First Legislature making it illegal to pursue the occupation of selling intoxicating liquors in local option territory, the enlarged meaning usually given to the words "business or occupation" is not contemplated; but where the court in his charge nevertheless gave these terms such enlarged meaning, there was no error in refusing a requested instruction which was substantially in the terms of the main charge. Following Fitch v. State, 58 Texas Crim. Rep., 366.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully pursuing the occupation and business of selling intoxicating liquors in local option territory, the evidence supported the conviction, there was no error.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, four years imprisonment in the penitentiary.

The State's testimony showed that the defendant at various times sold whisky by the pint to different persons, amounting to five or six sales, about the time alleged in the indictment; that he carried the whisky in a buggy and sold some out of his trunk; that he worked about at odd jobs, etc.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the District Court of Lamar County, on the 17th day of May of this year, with unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in local option territory. The indictment follows, substantially, the form approved in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W., 125. All of the questions raised in the motion to quash same, and practically all the questions raised on the motion for new trial were disposed of and

held adversely to the contention of appellant in the case of Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W., 1047.

The court instructed the jury as follows: "You are further instructed that by the terms 'occupation and business,' as used herein, is meant vocation, calling, trade; the business which one principally engages in to procure a living or obtain wealth." The appellant in this connection, through his counsel, asked the court to charge the jury as follows: "I charge you, gentlemen of the jury, that to constitute the occupation of selling intoxicating liquors you must believe from the evidence that the defendant pursued that as his vocation, calling, trade and business, from which he principally engaged to procure a living and to obtain wealth; and I charge you further, that the making of occasional sales of liquor, without pursuing or following the occupation of selling intoxicating liquors, would not be a violation of law, and if you do not so believe beyond a reasonable doubt from the evidence that he did follow such occupation you will find the defendant 'not guilty.'" It is to be noticed that the charge given by the court and that requested by the appellant are not substantially different. It may well be doubted whether in this kind of a case such an instruction should be given at all, but if demanded it must seem clear that the charge given by the court was abundantly sufficient. In passing on a similar question in the Fitch case, Judge McCord, speaking for the court, said: "We do not think that the charge requested by appellant in this case should have been given, as the same would make it practically impossible to ever enforce the statute in question, and that it gives to business and occupation a more enlarged meaning than is contemplated by the Act itself. The words 'vocation or business which one is principally engaged in to procure a living or obtain wealth' are not applicable to this kind of case. If this is the law, and must apply in cases like the one before us, it would amount to an impossibility to ever convict a party. The statute evidently did not contemplate that such an enlarged meaning should be given to the words 'business' and 'occupation.' It was in the mind of the Legislature, evidently, to reach those cases where a man secretly, covertly and designedly carried on the business of selling whisky where he had opportunity. It did not require that it should be his principal business; it did not require that he should give his whole or the greater part of his time to it, but it was intended to reach cases where a man might plow all day and sell whisky at night that he had previously hid under his haystack, or that he might engage in his usual avocation during the day, and have concealed at some place whisky, and that he followed the business of selling this whisky whenever the opportunity presented itself. In other words, if he had a principal occupation, and yet engaged in the sale of whisky as a side line, and secretly, the law was intended to reach him, and it was not intended to make it exclusive. While the charge requested by appellant, we think, was not

the law, it was sufficient to call the attention of the court to the fact that some definition should have been given to the words 'engaged in the business or pursuing the occupation of selling whisky.' We think that in cases arising under this statute it is not only necessary to make out a case on the part of the State to prove that the defendant kept in his possession whisky for sale, and that he had whisky on hand, but that he must actually make two sales before the offense is complete; and for the reason that the court failed to charge or give to the jury any guide so that they might determine what was the business or occupation within the meaning of· the Act the case will have to be reversed."

We have carefully examined the statement of facts, and if the witnesses are to be believed, which was a matter for the jury, the guilt of appellant is practically beyond dispute. Finding no error in the record, the judgment of the court below is hereby in all things affirmed.

. *Affirmed.*