PETE CREED v. STATE.

No. 2336.   Decided March 5, 1913.

Rehearing denied April 2, 1913.

1.—Occupation—Intoxicating Liquors—Local Option—Change of Venue.

In the absence of a bill of exceptions to the overruling of an application for change of venue, the same cannot be reviewed on appeal, under Article 634, Code Criminal Procedure.

2.—Same—Special Judge—Term of Court.

Where the special judge had been elected, qualified and opened the District Court for the term, it remained open until the end of the term, unless sooner adjourned for the term by order of the judge presiding, and the temporary leaving of the judge did not .adjourn the term.

3.—Same—Continuance—Bills of Exception.

In the absence of bills of exception to the overruling of an application for continuance and the admissibility of testimony, the same cannot be reviewed on appeal.

**4.—Same—Indictment—Date of Offense—Words and Phrases—Surplusage.**

Where the words objected to with reference to the date of the offense could be treated as mere surplusage, and did not render the indictment in anywise uncertain as to the date of the offense, the same was sufficient on motion to quash.

**5.—Same—Charge of Court—Occupation.**

Where the court's definition of the word, ''occupation,'' was according to approved precedent, there was no error in refusing requested charges which were not applicable. Following Fitch v. State, 58 Texas Crim. Rep., 236, and other cases.

**6.—Same—Charge of Court—Law in Force.**

Where the orders of the Commissioner's Court were introduced in evidence, the court could have charged that local option was in force, although he did not assume this in his charge, and there was no error. Following Byrd v. State, 53 Texas Crim. Rep., 507, and other cases.

**7.—Same—Charge of Court—Agent—Principals.**

Where the evidence conclusively showed that defendant controlled the place where all the sales were made and that he was the manager of said place and knew that his employer was selling intoxicating liquors, and besides, showed that defendant made numerous sales himself, etc., there was no error in refusing defendant's special charge that he could not be convicted as agent of said employer, as defendant was a principal.

Appeal from the District Court of Potter. Tried below before the Hon. John W. Veale, Special Judge.

Appeal from conviction of following the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of court's charge in defining occupation: Simmons v. State, 55 Texas Crim. Rep., 441; 117 S. W. Rep., 141.

On question of court's charge on the weight of the evidence: Ratigan v. State, 33 Texas Crim. Rep., 301; Copeland v. State, 36 id., 575; Hughes v. State, 32 id., 379.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of special judge: Powers v. State, 23 Texas Crim. App., 42; Scott v. State, 68 S. W. Rep., 177.

On question of law in force: Williams v. State, 52 Texas Crim. Rep., 371; Kirksey v. State, 61 id., 298; Dozier v. State, 62 id., 258.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the State penitentiary.

The term of court at which appellant was convicted adjourned on September 28, 1912. At this term appellant filed an application praying for a change of venue on grounds named in the application, which was overruled by the court. After the adjournment of court

on November 4th, 1912, appellant filed two bills of exception, complaining of the action of the court in overruling his application for a change of venue. Article 634 of the Code of Criminal Procedure provides that an order of the court granting or refusing a change of venue shall not be reviewed on appeal, unless the facts upon which the same was based are presented in a bill of exception, prepared, signed, approved and filed at the term of court at which such order was made. The bill, not having been filed during the term at which the order was made, we are not permitted to review the action in refusing the change of venue.

In the only other bill of exceptions in the record it is shown that the term of court began on the 8th day of July, 1912, that being the time fixed by law. On this day the regularly elected Judge, Hon. J. N. Browning, being absent, the attorneys in attendance on court legally elected Hon. Jno. W. Veale, Special Judge, who took the oath of office, opened court, empaneled the grand jury, and transacted such other business as came before the court on that day. It further shows that on the second day of the term, the Special Judge, being called to another county, notified all parties that he would necessarily be absent for several days, and instructed the sheriff to open court each day, and adjourn until next morning. This to be done until he should return. He did not return until the following Monday, when he proceeded with the business of the court, and continued to hold court until Hon. J. N. Browning, the regular Judge, appeared and resumed his seat on the bench. Appellant insists that because the Hon. Jno. W. Veale left the county, after opening court, for more than three days, and instructed the sheriff to open court and adjourn until the next day, that on the third day of the Special Judge's absence, the court became, as a matter of law, adjourned for the term, and cites us to Articles 1678, 1684, and 1725, of the Revised Civil Statutes. These articles of the statute do not so provide, but on the other hand, provide for the election of a Special Judge on the first day of the term, when the regular Judge is absent, and the law was complied with in this respect. After the special Judge had been elected, qualified and opened court for the term, it remained open until the end of the term, unless sooner adjourned for the term by order of the Judge presiding.

In the motion for a new trial complaint is made of the action of the court in overruling the application for a continuance, and to the admissibility of certain testimony, but no bills of exceptions being reserved in regard to these matters we can not review them; so the sole questions presented are those that complain of the charge of the court and the refusal of the court to give the instructions requested, and the one to quash the indictment.

The indictment in this case is very lengthy and no useful purpose could be served by presenting it in full. The indictment is in form frequently approved by this court with one exception, and the ground

presenting this reads as follows: ''Because the offense charged herein is alleged to have occurred at an impossible date, to-wit: from and after Nov. 16, 1912.'' As the indictment was presented on July 16, 1912, if this is the proper construction to be given the instrument the motion would be good; but the indictment, after alleging when the election was held, and when it became effective, further alleges: ''And thereafter, while said local option law prohibiting the sale of intoxicating liquors (in the county named) within the period of time between November 16, 1911, and the filing of this indictment, and anterior to the presentment of this indictment, Pete Creed did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors, and during said time did then and there unlawfully make at least two sales of intoxicating liquors, to-wit;'' then names a number of persons to whom the sales were made, naming the date of each sale, all dates alleged being prior to the filing of the indictment herein. But in the concluding part of the indictment the year 1912, is written in one place, wherein 1911, should have been written, but if we exclude the words ''the 16th day of Nov. 1912, when'' where it occurs in the latter part of the indictment, the indictment would charge an offense; therefore, these words should be treated as surplusage. If these words rendered the indictment in anywise uncertain, then a different rule would prevail, but the part herein copied shows that appellant was charged with pursuing the occupation from Nov. 16, 1911, up to and inclusive of the date of filing the indictment, and the date of each sale is alleged anterior to the presentment of the indictment, and this being so, when a useless expression is inserted, which may and should be treated as surplusage, it presents no ground to quash the indictment. Mr. Branch, in his Criminal Law, correctly says the rule is: ''If, eliminating surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance, under our Code, and therefore sufficiently charges the offense.'' (See Sec. 905.)

The court defined occupation in words frequently affirmed by this court (Fitch v. The State, 58 Texas Crim. Rep., 366; Gillree v. The State, 60 Texas Crim. Rep., 301; Clark v. The State, 61 Texas Crim. Rep., 597; Dixon v. State, 66 Texas Crim. Rep., 270; 146 S. W. Rep., 914. Therefore, there was no error in the court refusing the special charge requested, these decisions all holding that such a charge should not be given.

The court did not assume in his charge that local option was in force, but he would not have erred if he had done so, the orders of the Commissioners Court having been introduced in evidence. Byrd v. State, 53 Texas Crim. Rep., 507; Romero v. State, 56 Texas Crim. Rep., 435; Sebastian v. State, 44 Texas Crim. Rep., 508; Shields v. State, 38 Texas Crim. Rep., 252.

The court did not err in refusing defendant's special charge that although the jury might believe that D. R. Campbell was engaged in the occupation charged, yet if appellant was employed by him and he knew that Campbell was so engaged, he could not be convicted, etc. The evidence conclusively shows that Campbell had the Union Hotel rented; that this was the place where all sales were made; that appellant was the manager and had control of these premises, and while he denies making sales himself, yet he admits that he knew that Campbell was selling intoxicating liquors, and he was present when the sales were made by Campbell, and the other facts and circumstances in evidence would make him a principal in the commission of the offense if he never made a sale himself. But the evidence for the State shows that appellant made numerous sales from a drink at a time to any quantity of whisky a person desired. And neither was there any error in refusing the special charges requested, instructing the jury not to consider the testimony of J. W. Jones and Crafton. These witnesses shown that large quantities of intoxicants were hauled to Campbell's barn; that on one occasion, at least, appellant was present and assisted in placing the liquors in the barn; that these liquors were carried from this barn to the Union Hotel, where they were sold, appellant at times receiving such liquors at the hotel and paying the men for bringing the liquor from the barn to the hotel, and then the testimony would show that he would sell such liquors to whomsoever might call for liquor. A regular bar is shown to have been run at this hotel, selling whisky and beer by the drink and otherwise, appellant often waiting on the customers. Our statute provides that all persons are principals in the commission of an offense who are present at the commission thereof, knowing the unlawful intent, and aid in the commission thereof. The evidence in this case, under any and all phases of the law, makes appellant guilty of the offense charged, and the other special charges requested insofar as they are the law, were fully covered by the court in his main charge, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 2, 1913.—Reporter.]