

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. 0-3630
Re: Does an unincorporated town
constitute a subdivision of a
county to authorize the hold-
ing of a stock law election
therein as provided in Article
6954, Vernon's Civil Statutes

Your request for an opinion from this department has
been received and considered. We quote from your request:

"Does a town not incorporated constitute a
subdivision of the county in which it is situated,
in such manner as to authorize such town to hold
a stock law election as provided in Article 6954,
R. C. S. of Texas?"

The pertinent provisions of Article 6954 of Vernon's
Civil Statutes are:

"Upon the written petition of one hundred
(100) freeholders of any of the following Coun-
ties . . . . Hudspeth . . . . or upon the peti-
tion of fifty (50) freeholders of any such sub-
division of a county as may be described in
the petition, and defined by the Commissioners
Court of any of the above-named counties, Com-
missioners Court of said County shall order an
election to be held in such County or such sub-
division of a county as may be described in the
petition and defined by the Commissioners Court
on the day named in the order for the purpose
of enabling the freeholders of such county or
subdivision of a county as may be described

Honorable Walter Carson, page 2

in the petition and defined by the Commissioners
Court to determine whether horses, mules, jacks,
jennets, and cattle shall be permitted to run at
large in such county or such subdivision of a
county as may be described in the petition and
defined by the Commissioners Court. . . ."

Article 16, Section 23 of the Constitution of Texas
provides:

"The Legislature may pass laws for the
regulation of live stock and the protection
of stock raisers in the stock raising portion
of the State, and exempt from the operation of
such laws other portions, sections, or counties;
and shall have power to pass general and spe-
cial laws for the inspection of cattle, stocks
and hides and for the regulation of brands;
provided, that any local law thus passed shall
be submitted to the freeholders of the section
to be affected thereby, and approved by them,
before it shall go into effect."

In the case of Ex parte Thompkins (Crim. App.) 83 S.W.
379, the court discussed an analogous situation in a habeas cor-
pus proceedings brought about by the conviction of the relator
for violating a stock law similar to the law involved in this
opinion. Relators principal contention was that the local op-
tion election held, adopting the stock law, was void and unau-
thorized for the reason that the area covered (a part of a jus-
tice precinct in Panola County) was not one of the known politi-
cal subdivisions of said county and that such election was only
authorized to be held in the known subdivisions of Panola County.
The court, in refusing to discharge the Relator, said:

". . . We believe it was competent for the
Legislature to have submitted this matter to the
vote of the freeholders in the locality to be af-
fected. . . . We held, in accordance with the
views expressed by the Supreme Court, that it was
competent for the freeholders in a portion of a
justice precinct of Panola county to adopt a stock
law under the general provisions of the act of the
Legislature on that subject." (Underscoring ours)

Honorable Walter Carson, page 3


Other cases construing a similar law (Articles 6930 and 6932, R.C.S. of Texas, 1925) do not seem to have limited the meaning of the term "subdivision" to a known political subdivision of the county.

In Ince v. Barber, (Civ. App.), 241 S.W. 182, the court held that under Articles 6930 and 6932, R.C.S. of Texas, 1925, a petition, describing the subdivision as, "All of Live Oak Peninsula, being all that portion of said county bounded on the east by Red Fish and Aransas Bays, on the north by Aransas and Copano Bays, on the south by the northern line of San Patricio County" was sufficient.

In the case of Johnson v. State, (Crim. App.), 244 S.W. 609, the court held that under Articles 6930 and 6932, above referred to, a description of a subdivision of Aransas County as "Live Oak Peninsula, bounded on the east by Red Fish and Aransas Bays; on the north by Aransas and Copano Bays; on the west by Copano and Puerto Bays and on the south by the line between the counties San Patricio and Aransas" was sufficient.

While the authorities, hereinabove referred to, do not construe the provisions of Article 6954, supra, we think they are pertinent and applicable to ascertain the meaning of the term "subdivision" as used in said statute.

We believe the provisions of Article 6954, supra, are susceptible of even a more liberal interpretation, in so far as its terms authorize the requisite number of petitioners to prescribe, in their petition, the area or territory or "subdivision" of the county in which an election is to be called and held, than the similar acts construed in the cases cited.

You are, therefore, advised that in our opinion the petitioners are authorized, by Article 6954, supra, to define the boundaries of the territory in which it is desired to have a stock law election called and held, which petition, if signed by the requisite number of freeholders, and description would properly be the basis of an order of the Commissioners' Court calling the election, in the subdivision des-

cribed in the petition, and that such area may be an unincorporated town.

Your brief in this matter was very helpful to us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By *Harold McCracken*
      Harold McCracken
        Assistant

HM:db

