## NOVEMBER, 1913.

### R. C. Fisher v. The State.

No. 2618.   Decided November 5, 1913.

Rehearing denied November 26, 1913.

1.—Stock Law—Information.

Where, upon trial of a violation of the stock law, the complaint and infor‧ mation followed approved precedent, the same were sufficient.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of a violation of the stock law, the evidence sustained the conviction, there was no error.

3.—Same—Charge of Court—General Objections.

Where the bill of exceptions to the court's charge in a misdemeanor case did not point out the errors in the court's charge and did not give any reason why the requested charges were not given, there was nothing to review on appeal.

4.—Same—Motion for New Trial—Practice on Appeal.

Upon appeal in a misdemeanor case, complaints of the court's charge in the motion for new trial can not be considered, where the question was not raised by bill of exceptions.

5.—Rule Stated—Misdemeanor—Charge of Court.

In order to raise any question in a misdemeanor case as to any defect in the charge of the court, the same must be specifically pointed out, etc.

Appeal from the County Court of Collin. Tried below before the Hon. H. L. Davis.

Appeal from a conviction of violating the stock law; penalty, a fine of $5.

The opinion states the case.

*W. R. Abernathy,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—By proper complaint and information appellant was tried and convicted for violating the stock law, article 1241, Penal Code, and his punishment fixed at a fine of $5.

The complaint and information allege, in substance, that heretofore a petition in conformity with law was presented to the Commissioners Court of `Collin County, Texas, praying for an election to determine whether or not hogs, sheep and goats should be permitted to run at large in said Collin County, and said court entered its order, ordering said election, and notice thereof was given as required by law, and said election was held in conformity with the laws of the State, and it was determined by the qualified voters at said election, who were then and there freeholders, that hogs, sheep and goats should not be permitted to run at large in said county, and due and legal return of said election was made to the county judge of said county, and he opened, tabulated and counted said returns as required by law, and thereafter issued his proclamation to that effect, which said proclamation was duly posted at the court house door of said county, and after the expiration of thirty days from the issuance of said proclamation, and after the stock law had been adopted in said county, and anterior to the filing of this information, appellant did on June 15, 1911, then and there unlawfully and wilfully turn out and caused to be turned out on lands not his own or under his control, and did then and there wilfully allow to trespass upon the land of another, and did then and there wilfully permit to run at large certain stock of his own and under his control, to wit: hogs. The complaint and information are clearly full and sufficient, and the court correctly overruled appellant's motion to quash them.

The testimony is amply sufficient to sustain the conviction. There is but one bill of exceptions in the record, which is an omnibus bill, and after the style and number of the cause it is: "Be it remembered that on the trial of the above entitled cause the court charged the jury as follows." Then follows a complete copy of the entire charge of the court, making about two typewritten pages. Then it says the defendant excepted to said charge because the same is upon the weight of the evidence and is variant from the information, and misstates the stock law; and permitted the jury to go back two years before the filing of the complaint. Then further says that the defendant thereupon requested the court to give the following charges, and purports to copy literally four special charges. The bill then winds up, "which charges the court then and there refused to give and to which defendant in open court excepted."

Clearly this bill is too general, under all the decisions, to require this court to pass upon any of the proceedings attempted to be excepted to.

That the charge of the court, as stated in the bill, is upon the weight of the evidence, and is variant from the information and misstates the stock law, points out no specific error in any of these particulars. As to the other objection to the court's charge, that it permitted the jury to go back two years before the filing of the complaint, it is clearly the law to do so. As to the court's refusal to give the four special charges, no reason whatever is given in the bill or by either of the charges themselves why they should be given.

It is the settled law of this State that in order to raise any question in a misdemeanor case as to any claimed defect in the court's charge, such claimed defect must be specially pointed out and excepted to at the time the charge is given, and a bill of exceptions saved thereto, and then in addition special charges must be requested to correct such claimed defective charge by the court. This has been so uniformly held, and in many recent cases many of the authorities collated to this effect, we deem it unnecessary to again cite the cases. It is also the settled law of this State, and has been many times decided recently and the cases cited, that when a special charge is requested and refused by the court, that not only an exception in misdemeanor cases must be taken to the court's refusal to give it at the time, but the reasons for giving it and how and why it is necessary and proper, should be stated in the bill. This was in no way done or attempted to be done by this bill of exceptions. It is also the well settled law of this State that a complaint of the court's charge in motion for a new trial in misdemeanor cases can not be considered; that only a question of that kind can be raised by bill of exceptions.

There is nothing further in this case requiring discussion.

The judgment will be affirmed.

*Affirmed.*

[Rehearing refused November 26, 1913.—Reporter.]