# FEBRUARY, 1921

### BILL CLINE v. THE STATE.

### No. 6096.  Decided February 2, 1921.

**Wilfully Turning Out Livestock—Election—Insufficiency of Evidence—Judicial Knowledge.**

The courts do not take judicial knowledge of the holding and results of local option elections in a given territory, and where there was a want of proof that the livestock law, under Article 1241, Penal Code, making it an offense to wilfully turn out, etc., certain livestock and keep the same running at large, was legally adopted in said territory, the conviction could not be sustained. Following Hill v. State, 58 Texas Crim. Rep., 79, and other cases.

Appeal from the County Court of Smith. Tried below before the Honorable W. R. Castle.

Appeal from a conviction of unlawfully turning out livestock; penalty, a fine of Five Dollars.

The opinion states the case.

*David Wuntch,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted of violation of article 1241 of the Penal Code, wherein it is made an offense to wilfully turn out or to wilfully refuse to keep up stock prohibited by law from running at large in any county or subdivision of any county in which the stock law has been adopted.

It is charged in the complaint and information that an election had been held in which the law prohibiting certain stock, including hogs, from running at large had been adopted. The facts alleged bring the election within the provisions of the statute on the subject, namely: Vernon's Sayles' Texas Civil Statutes, Volume IV., Chapter 5, Title 124.

We find in the statement of facts, however, no proof supporting these allegations. The law being a local one, it is an essential predicate to conviction for its violation to, not only allege, but to prove its adoption within the territory wherein the offense is charged to have been committed. Hill v. State, 58 Texas Crim. Rep., 79. The courts do not take judicial knowledge of the holding and results of elections putting in force local option laws in a given territory. Prather v. State, 12 Texas Crim. App., 401; Stewart v. State, 35 Texas Crim. Rep., 393.

The absence of proof showing that the law prohibiting hogs from running at large was in force renders it necessary to order a reversal of the judgment.

*Reversed and remanded.*