R. E. Cornelius v. The State.

No. 6031.    Decided February 23, 1921.

1.—Tick Eradication—Complaint—Venue—Local Option Law.

Where, upon trial of a violation of the tick-eradication law, the complaint failed to allege affirmatively the existence of any tick quarantine in the county of the prosecution, the same was bad upon motion to quash, as the State's pleading should allege and its proof show by what authority and method such law became effective in a given county.

2.—Same—Complaint—Information—Written Directions—Motion to Quash.

Where the complaint and information nowhere charged the delivery to defendant of the written directions of the Live Stock Sanitary Commission as required by Section 15, of the law, nor alleged that the cattle, etc., referred to were located at the time in the county of the prosecution, the same was bad on motion to quash, and the case must be dismissed.

Appeal from the Criminal District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of $25.

The opinion states the case.

*O. B. Pirkey,* for appellant.—Cited Ex parte Leslie, 223 S. W. Rep., 227; Jannin v. State, 51 S. W. Rep., 1126; McMahan v. State, 13 Texas Crim. App., 220; Hammons v. State, 29 id., 445; Gandy v. State, 220 S. W. Rep., 339; Dodson v. State, 219 id., 1101; Felchack v. State, 220 id., 340.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Bowie County of a violation of the tick eradication law, and his punishment fixed at a fine of $25.

Appellant moved to quash the complaint, among others, for the reason that same did not plead affirmatively the existence of any tick

quarantine in Bowie County. By an inspection of the various Acts of our Legislature providing for tick eradication in this State, it will be seen that the law is not made effective in any county of the State except upon taking certain defined steps made necessary to invoke its application. Two ways of doing this are prescribed, namely: One by a local option election of the several counties; and one by proclamation of the Governor made after the lapse of certain time within which the work of tick eradication has not been taken up and carried on by the local option method. We are of opinion that in either case, the application and effectiveness of the law being dependent on action other than that of the Legislature, if it be desired to charge a violation of the law in the criminal courts, the State's pleading should allege, and its proof show, by what authority and method such law became effective in the given county. This has always been the holding when the prosecution was under a local option law, and we believe the principle the same when the law becomes effective by proclamation. The State's pleadings should allege that, if such be the fact, on a certain date proclamation was duly made by the Governor of Texas declaring and proclaiming Bowie County, Texas, to be quarantined for the purposes of tick eradication under the laws of Texas. The tick eradication statute specifically provides how such proclamation may be proven in court.

Said complaint and information nowhere charges the delivery to appellant of the written direction of the Live Stock Sanitary Commission, as would seem to be required under the terms of Section 15c of the amendment to this law; see Chapter 38, General Laws, Third Called Session, Thirty-Sixth Legislature.

It also appears that there is no allegation that the cattle, etc., referred to and covered by said written direction, were located at said time in Bowie County. It is alleged that the failure and refusal of appellant occurred in said county, and that he was ordered to dip the cattle, etc., in said county, and that he then and there owned and controlled said cattle, etc., but none of these are equivalent to an allegation that the cattle were then situated in said county. It does not need elaboration to make it plain that to be subject to the provisions of the quarantine law effective in Bowie County, the stock referred to must be located in said county, and this fact must be shown in the State's pleadings.

We do not think the other objections to the complaint and information are tenable. The State's pleadings being defective, we do not discuss any other matters raised.

For the errors pointed out the judgment will be reversed and the cause dismissed.

*Dismissed.*