### C. W. Corder v. The State.

#### No. 6027.  Decided March 2, 1921.

#### Tick Eradication Law—Complaint—Information.

Where, upon trial of a violation of the tick eradication law, the complaint and information failed to charge that the written order of the Livestock Sanitary Commission directing defendant to dip his stock was ever delivered to him, and for various other reasons, all of which were previously decided adversely to the State, the pleading was bad on motion to quash, and the judgment is reversed and dismissed.

Appeal from the Criminal District Court of Bowie.—Tried below before the Honorable P. A. Turner.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of $25.

The opinion states the case.

*O. B. Pirkey,* for appellant.—On question of insufficiency of complaint and information: Ex Parte Leslie, 223 S. W. Rep., 227.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted in the Criminal District Court of Bowie County for a violation of the tick eradication law.

He moved to quash the complaint and information for various reasons, (1) that the same did not plead affirmatively the existence of any tick quarantine in Bowie County; (2) that the complaint and information failed to charge that the written order of the Live Stock Sanitary Commission directing appellant to dip his stock was ever delivered to him, and for various other reasons urged in the motion.

On February 23rd an opinion was handed down from this court, written by Judge Lattimore, in the case of R. E. Cornelius v. State, also an appeal from Bowie County, charged with a violation of the same law. In that case it was held by this court that the complaint and

information were fatally defective and the cause was reversed and dismissed. An examination of the complaint and information in the instant case sows it to be an exact duplicate of the one in the Cornelius case, with the exception of the changes in the names and the number of the vat at which the party was expected to dip his cattle. It is not necessary to reiterate here what was said in the Cornelius case. Upon the authority of that case the instant one is ordered reversed and dismissed.

*Dismissed.*