allege that the cattle at the time were situated within the county, is insufficient.

Appeal from Criminal District Court, Bowie County; P. A. Turner, Judge.

R. E. Cornelius was convicted of violating the Tick Eradication Law, and he appeals. Reversed, and cause dismissed.

O. B. Pirkey, of New Boston, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Bowie county of a violation of the Tick Eradication Law (Laws 1917, c. 60), and his punishment fixed at a fine of $25.

[1] Appellant moved to quash the complaint, among others, for the reason that same did not plead affirmatively the existence of any tick quarantine in Bowie county. By an inspection of the various acts of our Legislature providing for tick eradication in this state, it will be seen that the law is not made effective in any county of the state except upon taking certain defined steps made necessary to invoke its application. Two ways of doing this are prescribed, namely, one by a local option election of the several counties, and one by proclamation of the Governor made after the lapse of certain time within which the work of tick eradication has not been taken up and carried on by the local option method. We are of opinion that, in either case, the application and effectiveness of the law being dependent on action other than that of the Legislature, if it be desired to charge a violation of the law in the criminal courts, the state's pleading should allege, and its proof show, by what authority and method such law became effective in the given county. This has always been the holding when the prosecution was under a local option law, and we believe the principle the same when the law becomes effective by proclamation. The state's pleadings should allege that, if such be the fact, on a certain date proclamation was duly made by the Governor of Texas declaring and proclaiming Bowie county, Tex., to be quarantined for the purposes of tick eradication under the laws of Texas. The tick eradication statute specifically provides how such proclamation may be proven in court.

Said complaint and information nowhere charges the delivery to appellant of the written direction of the Live Stock Sanitary Commission, as would seem to be required under the terms of section 15c of the amendment to this law. See chapter 38, General Laws, Third Called Session, 36th Legislature.

[2] It also appears that there is no allegation that the cattle, etc., referred to and covered by said written direction, were located at said time in Bowie county. It is alleged that the failure and refusal of appellant occurred in said county, and that he was ordered to dip the cattle, etc., in said county, and that he then and there owned and controlled said cattle, etc.; but none of these are equivalent to an allegation that the cattle were then situated in said county. It does not need elaboration to make it plain that, to be subject to the provisions of the quarantine law effective in Bowie county, the stock referred to must be located in said county, and this fact must be shown in the state's pleadings.

We do not think the other objections to the complaint and information are tenable. The state's pleadings being defective, we do not discuss any other matters raised.

For the errors pointed out, the judgment will be reversed, and the cause dismissed.

---

## CORDER v. STATE. (No. 6027.)

(Court of Criminal Appeals of Texas. March 2, 1921.)

Appeal from Criminal District Court, Bowie County; P. A. Turner, Judge.

C. W. Corder was convicted of violation of Tick Eradication Law, and he appeals. Reversed, and cause dismissed.

O. B. Pirkey, of New Boston, for appellant.
Alvin M. Owsley, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted in the criminal district court of Bowie county for a violation of the Tick Eradication Law (Laws 1917, c. 60).

He moved to quash the complaint and information for various reasons: (1) That the same did not plead affirmatively the existence of any tick quarantine in Bowie county; (2) that the complaint and information failed to charge that the written order of the Live Stock Sanitary Commission directing appellant to dip his stock was ever delivered to him, and for various other reasons urged in the motion.

On February 23d an opinion was handed down from this court, written by Judge Lattimore, in the case of R. E. Cornelius v. State, 228 S. W. 564, also an appeal from Bowie county, charged with a violation of the same law. In that case it was held by this court that the complaint and information were fatally defective and the cause was reversed and dismissed. An examination of the complaint and information in the instant case shows it to be an exact duplicate of the one in the Cornelius Case, with the exception of the changes in the names and the number of the vat at which the party was expected to dip his cattle. It is not necessary to reiterate here what was said in the Cornelius Case.

Upon the authority of that case, the instant one is ordered reversed and dismissed.