### W. P. Bush v. The State.

#### No. 6405. Decided March 15, 1922.

**1.—Irrigation Law—Information—Duplicity of Pleading—Motion to Quash.**

Article 837d, Penal Code contains two separate and distinct offenses, and while the same might be charged in the same indictment in separate counts, they cannot be charged in the same count without being subject to condemnation for duplicity, and where this was done in the instant case, the motion to quash should have been sustained.

**2.—Same—Duplicity—Rule Stated—Misjoinder—Pleading.**

Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different. Following Todd v. State, 89 Texas Crim. Rep., 99, and other cases.

**3.—Same—Statutes Construed—Local Option—Information.**

It is obvious that article 837-d, supra, is effective only in those localities where irrigation of water-improvement districts have been created in the manner provided for bringing them into existence under the law, and it has always been held necessary, that where a local law or where a law local in its character was invoked by the State, it was necessary to allege the existence of the law in the locality where the allegd offense was committed, and necessary also to prove its existence. Following Felchach v. State, 87, Texas Crim. Rep., 207; and other cases.

Appeal from the County Court of Cameron. Tried below before the Honorable Oscar C. Dancy.

Appeal from a conviction under the irrigation law, Art. 837d, Penal Code. Penalty, a fine of $100.

The opinion states the case.

*E. T. Gates,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—The prosecution proceeded under Section 68, Chapter 88, Acts 35th Legislature, Regular Session 1917, Page 227. Conviction with punishment assessed at a fine of $125 resulted.

The Act referred to was a general irrigation law. Section 68 thereof is carried forward in the "Complete Texas Statutes" 1920 as Article 837d, which reads as follows:

"Any person who shall wilfully open, close, change or interfere with any headgate or water box without lawful authority or who shall wilfully use water or conduct water in and through his ditch or upon his land, to which water he is not entitled, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum of not less than ten dollars, and not more than one thousand

dollars, or by imprisonment in the county jail for a term not exceeding six months; provided, that the possession or use of water to which the person using or possessing same shall not be lawfully entitled shall be prima facie proof of the guilt of the person so using or in possession of the same.''

Omitting formal parts, the information substantially charges that in Cameron County appellant ''did then and there unlawfully open, close, change and interfere with a certain water box of Cameron County Water Improvement District Number One without lawful authority, and did wilfully use water and conduct water in and through his ditch and upon his land to which water he was not entitled said water being the property of Cameron County Water Improvement District Number One, and with intent to appropriate said water to the use and benefit of him the said W. P. Bush.''

Complaint is directed at the information in that same is duplicitous and charges two offenses in one count. It may be seen from an inspection of the information that the pleader charged appellant with all acts denounced by Article 837d. If that article undertakes to define only one offense, and to fix the penalty for the violation thereof, then the information should be upheld. On the other hand, if the article in question defines two offenses, although it provides the same punishment for the violation of both then the two offenses can not be charged in the same count in the information, and if it has been attempted to do this, the information must be condemned.

If the article in question had provided that if any person wilfully opens, closes, changes or interferes with any headgate or water box without lawful authority and thereby uses or conducts water in and through his ditch upon his land to which water he was not entitled we would have a different question before us. Then it would be the ''use of water to which he was not entitled'' which would be condemned, and the opening, closing, breaking or interfering with the gate or water box the means used to accomplish the unlawful purpose. If the interference with the ''headgate'' or ''water box'' was only incident to the unlawful use of water to which a party was not entitled then the two transactions might be held to be parts of the same offense, or that one necessarily included the other; but it does not appear to us this idea was in the mind of the Legislature. A person might open, close or otherwise interfere with a ''headgate'' or ''water box'' having no connection whatever with his own irrigation ditch, and without getting the benefit or intending to get the benefit of any water by reason of such interference. We can not conceive how a party by closing his own ''water box'' and thereby cutting off the flow of water to his land could be said to be using water to which he was not entitled. It is true that by opening, closing or interfering with a ''headgate'' or ''water box'' he might effect the unlawful use of water to which he was not entitled, and on the other hand he could open a ''water box'' entirely disconnected from his

own irrigation ditch and flood land belonging to others, or close a "water box" and thereby deprive some party who was entitled to the use of the water of the benefit of the same. We are inclined to the view that the Legislature was intending to denounce two offenses; one having for its purpose the protection from interference of all "headgates" or "water boxes" situated in an irrigation district regardless of whether such interference was to the benefit of the party guilty thereof, and the other to make penal the wilful use of water upon the land of a party to which he might not be entitled although the same may have been effected without any interference with the "headgate" or "water box."

Having reached the conclusion that the article in question defines two separate and distinct offenses it is unnecessary to discuss at any further length the question raised by the motion to quash. The information as worded is duplicitous. While the two offenses might with propriety be charged in the same indictment in separate counts they can not be charged in the same count without being subject to condemnation for duplicity. Under Section 506, Branch's Anno. Penal Code, may be found the following general rule: "Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different."

Many cases will be found collated under the section referred to and also under sections 508 and 509 following. If the different phases mentioned in Article 837d were only different ways in which a single offense could be committed they might also with propriety be charged in the same count. These matters were very fully discussed in Todd v. State, 89 Texas Crim. Rep. 99, 229 S. W. Rep. 515, and we think it unnecessary to review them further at this time.

There is another reason why the conviction can not be permitted to stand under the record before us. It is obvious that Article 837d is effective only in those localities where irrigation or water improvement districts have been created in the manner provided for bringing them into existence under the law. While the information in the present case alleges that the water boxes and headgates interfered with and the water used belonged to the "Cameron County Water Improvement District Number One" there is no allegation in the information or complaint showing the creation of said water Improvement District and so far as we have discovered no proof in the record which would have sustained such an allegation if it had been made. It has always been held that where a law local in its character was invoked by the State it was necessary to allege the existence of the law in the locality where the alleged offense was committed, and also necessary to prove its existence. For cases so holding under the old liquor local option law, see those collated under Branch's Crim. Law, Section 544. For cases arising under local laws for the prevention of stock running at large and the requisites of indictments

thereunder see King v. State, 74 S. W. Rep. 773; Hill v. State, 58 Texas Crim. Rep. 79, 124 S. W. Rep. 940; Fisher v. State, 71 Texas Crim. Rep., 564; 160 S. W. Rep. 684. See also where prosecutions arose under the tick eradication law Felchach v. State, 87 Texas Crim. Rep. 207; Cornelius v. State, 88 Texas Crim. Rep. 518, 228 S. W. Rep. 564; Corder v. State, 88 Texas Crim. Rep. 602, 228 S. W. Rep. 565.

For the reasons heretofore given the judgment of the trial court will be reversed and the prosecution ordered dismissed under the present complaint and information.

*Reversed and dismissed.*