Missouri, Kansas & Texas Railway Company of Texas v. R. L. Tolbert.

No. 1625.   Decided April 10, 1907.

**1.—Animals Running at Large—Petition for Election—Boundaries.**

A petition for a local election to determine whether certain domestic animals shall be permitted to run at large must describe the locality in which the election is to be held and which is to be affected by its result by giving the boundaries thereof (Acts 26th Leg., p. 220), and a description of it as Justice Precinct No. 1 is not in compliance with the law. (Pp. 485, 486.)

**2.—Same—Proclamation of Result.**

The proclamation of the county judge declaring the result of an election to be the adoption of the law against stock running at large does not put such law into effect where the election was held upon a petition failing to properly describe the boundaries of the territory to be affected by it. (Pp. 485–487.)

**3.—Railway—Fencing—Killing Stock.**

A railway fence which has been burned and no.longer excludes stock is no fence within the meaning of the statute. (Rev. Stats., art. 4528.) The company then becomes liable for killing stock entering its right of way through such gap, irrespective of negligence, and this liability is not affected by an election in the territory in question to adopt the law prohibiting stock from running at large, where held upon a petition failing to describe the boundaries to which the law is to be applied; and evidence of such election and the proclamation attempting to put the law in force as adopted thereby should be excluded. (Pp. 486, 487.)

.Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*T. S. Miller* and *W. C. Jones,* for appellant.—When the requisite number of freeholders, who are qualified voters, and resident citizens of a county or of a political subdivision of a county, such as a justice precinct, petition the Commissioners' Court to order an election to determine whether horses, mules, jacks, jennets and cattle shall be . permitted to run at large within the limits of said county or within the limits of such political subdivision of a county, it is not necessary or required by law for the petition to set out the boundaries of such county or political subdivision by metes and bounds and in all proceedings and orders had by the Commissioners' Court on a proper petition filed it is only necessary for said court to refer to the county by name and to the political subdivision by number and name and such a description is sufficient. Const. 1869, art. 5, secs. 19, 21; Const. 1875, art. 5, sec. 18; Acts 26th Leg., p. 220; Speagle v. State, 31 S. W. Rep., 171; Nichols v. State, 40 S. W. Rep., 268.

The proceedings of the Commissioners in ordering stock law elections, for any irregularity in ordering and the holding of elections for the adoption of the stock law, are only voidable, and can be set aside and held for naught only by a direct proceeding for that purpose. Galveston, H. & S. A. Ry. Co. v. Kropp, 14 Texas Ct. Rep., 927; Freeman on Judgments, 135; 1 Black on Judgments (2d ed.), 246.

*C. E. Mead,* for appellee.—A petition for a stock law election, for a

subdivision of a county, particularly describing said subdivision and designating the boundaries thereof, is a jurisdictional prerequisite to the ordering or holding of a valid stock law election, and an election ordered and held without such a petition is void. Acts 26th Leg., chap. 128; Cox v. State, 88 S. W. Rep., 812; Prather v. State, 12 Texas Crim. App., 401; Akin v. State, 14 Texas Crim. App., 142; Furrh v. State, 24 S. W. Rep., 1126; Stallworth v. State, 18 Texas Crim. App., 379; McMillan v. State, 18 Texas Crim. App., 375; Green v. Southard, 61 S. W. Rep., 795; Armstrong v. Traylor, 87 Texas, 603; Gilley v. Haddox, 4 App. C. C., 213.

The validity of the "stock law" election was a proper issue to be adjudicated in the trial of this case. Graves v. Rudd, 65 S. W. Rep., 63; Armstrong v. Traylor, 87 Texas, 598; Nass v. Maxwell, 32 S. W. Rep., 561; Gilley v. Haddox, 4 App. C. C., 213; McHan v. Connell, 4 App. C. C., 202; Curry v. State, 28 Texas Crim. App., 475; Ex parte Kramer, 19 Texas Crim. App., 125.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the Fifth District as follows:

"Appellee's mule was struck and killed by one of appellant's locomotives on the night of October 13, 1904, and this suit was brought to recover its value. From the verdict and judgment in favor of appellee for the sum of $175, this appeal is prosecuted. Appellant's railroad runs through Hunt County and appellee's mule was struck and killed in precinct number 1 of said county. Prior to the killing of the mule appellant had fenced its right of way, but a panel of what is called a 'wing fence,' made of plank leading from the wire fence on the edge of the right of way to a cattle guard placed in the roadbed had been burned, through which the mule passed onto the track. It is conceded by appellee that if appellant was not required to maintain and keep in repair its right of way fence in the precinct where appellee's mule was killed he is not entitled to recover. Appellant does not, on this appeal, controvert the claim of appellee that its said fence was out of repair and that it caused the death of the mule in question. Appellant's contention was and is that the stock law prohibiting the running at large of horses, mules, etc., was legally in force in said precinct at the time appellee's mule was killed, and that unless appellant's servants operating the engine causing its death were guilty of negligence appellant is not liable. In support of this contention appellant in the court below introduced in evidence a petition signed by the requisite number of freeholders and qualified voters of said precinct, which was filed August 17, 1900, praying the Commissioners' Court of Hunt County, Texas, to order an election to determine whether or not horses, mules, jacks, jennets and cattle should be permitted to run at large in said precinct number 1 of said county; also the order of said Commissioners' Court ordering said election, the county judge's written order therefor, together with the tabulation of the votes polled at said election, showing a majority of 64 votes for the stock law and the proclamation of the county judge declaring such result. After the introduction of this evidence, all of it, upon motion of appellee's counsel, was withdrawn by the court and excluded from the consideration of the

jury, because the boundaries of the justice precinct in which the election had been ordered to be held were not designated and particularly described in the petition asking for said election and in orders made thereon and because notice of the election was not legally shown, the court holding that the county judge's certificate showing such notice was inadmissible for that purpose. There was no evidence offered or introduced tending to show that the stock law was being enforced, other than the county judge's proclamation declaring the result of the election. The court's action in withdrawing and excluding this evidence is assigned as error. On a former day of the present term we affirmed the judgment of the trial court. Appellant, however, has filed a motion for a rehearing and insists that we erred in affirming the judgment of the lower court, and that our opinion is in conflict with the decision rendered by the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas in the case of Galveston, H. & S. A. Ry. Co. v. Kropp, reported in 91 S. W. Rep., 819. In view of this asserted conflict we deem it advisable to present to the Supreme Court of the State of Texas for adjudication the following issues of law arising on this appeal:

"Question 1. Did the trial court err in withdrawing and excluding from the consideration of the jury the said evidence offered by appellant, as stated above?

"Question 2. Where a suit is brought to recover damages for a mule killed within the limits of a justice precinct in which the stock law, prohibiting mules and certain other animals from running at large, is being enforced, it being alleged in plaintiff's petition that the railway company has fenced its right of way, but has failed to exercise proper care in keeping the fence in repair, is it permissible to inquire into the validity of the election, held for the purpose of determining whether such animals shall be prohibited from running at large?

"Question 3. Under such circumstances has the railway company the right to show that an election has been held for such stock law, and that the law is being enforced in the justice precinct, regardless of the validity of the election to determine whether the law shall be adopted?

"Question 4. Is a stock law election, under the Acts of the Twenty-sixth Legislature entitled: 'An Act providing a mode by which horses, mules, jacks, jennets and cattle may be prevented from running at large in certain counties,' naming them, absolutely void, unless the petition of the requisite number of freeholders asking the Commissioners' Court to order such election describes the limits of the justice precinct for which it is to be held, by metes and bounds?"

The Court of Civil Appeals, in affirming the judgment, correctly held that the proceedings taken in the effort to put in force the stock law were properly excluded by the trial court because the petition for the election was not legally sufficient to sustain it. The designation of the subdivision of the county in which the election was to be held only by reference to the number of the justice's precinct was not a compliance with the statute which, in absolute language, requires that in the petition, where it is for an election in a subdivision of a county, "such subdivision shall be particularly described and the boundaries

thereof designated." This requirement is fundamental, because its purpose is to have the petition and the notices based upon it embody the very proposition to be submitted to the voters, so that from these sources they may know what they are to vote upon. This is important, not only that all may know what voters are entitled to vote as freeholders of the district, but that they may also know the territory to be affected by their votes. This information the law intends to furnish in the proceedings themselves. A justice's precinct should have designated boundaries, but it is not to be assumed in proceedings under this statute that they will be known to all persons entitled to vote in elections held under it. Voters may not know the number of the justice's precinct in which they live, or, knowing that, may more probably be ignorant as to the location of its boundaries. Those so circumstanced could only inform themselves by searching the minutes of the Commissioners' Court recording other proceedings. This the statute in question does not expect them to do, but provides that the information shall be given in the petition stating the proposition on which they are to vote. All of this, as well as the further proposition that an election held without compliance with so fundamental and substantial a requirement is of no effect, is fully sustained by the authorities cited in the opinion of the Court of Civil Appeals. Others are cited in 15 Cyc., 319, 320. As such an election is void, it can work no change in the law in force in the locality in which it is held. The decisions relied on by counsel for the railroad company were based upon other statutes differing from this and are, therefore, not applicable.

But it has been supposed that the facts that an election has been held and that the stock law has been declared to be in force and is being observed in a district through which a railroad runs in some way affects the liability of the owner of such road under article 4528, Revised Statutes, for stock killed by its locomotives or cars, whether the election was lawful or not. Such liability is made absolute by the article referred to, without any question as to negligence, unless the track be fenced. A fence in such a condition as that in question at the place of the killing, as shown by the certificate, was, in law, no fence at all at that place; and the Court of Civil Appeals evidently so held. The case is, therefore, to be treated as controlled by the statute applicable to unfenced tracks, and no question of negligence arises. A question of negligence does arise when an animal is killed or injured upon an unfenced track where there is in force in the locality a valid law in violation of which such animals are running at large. The reason why the owner of the animal killed under such circumstances must show negligence in order to recover, is that he violates the law in permitting his stock to run at large and the animal commits a trespass when it goes upon the track. The law will not permit a recovery by one thus in the wrong for an injury resulting from such trespass alone; but neither will the law allow the killing or the injuring even of a trespassing animal if it can be avoided by ordinary care; and hence it has been laid down that if those in control of a train neglect to use such care after discovering the danger and injury result from the want of it, liability arises from that neglect. This is the doctrine of the decisions in International & G. N. R. R. Co. v. Cocke, 64 Texas,

157, and International & G. N. R. R. Co. v. Dunham, 68 Texas, 231; and it applies only to cases affected by the existence of a valid law forbidding the running at large of animals, and making unlawful that which, in the absence of such law, would be lawful. The remarks of the judges writing those opinions to the effect that those operating trains had the right to assume that the law would be observed and that therefore animals would not be found in places of danger were addressed to the question of negligence when it arises where such a law is in force, and mean that in such cases no conclusion of liability arises from the mere fact that the animal was killed or injured and that the track was unfenced, nor from a failure to look out for animals where none should be; but that the liability must arise from the neglect to exercise ordinary care after the animal was found to be in danger. This failure to use ordinary care is somewhat unhappily called gross negligence in those opinions, but they leave no doubt as to what is meant. This, however, is aside from the present question.

The doctrine of those cases can not apply and article 5428 alone controls where no stock law is in force because, without a law forbidding, the owner of stock has the right to let it run at large and there is nothing to modify his right of recovery. There is then no question of negligence to be tried because the right of recovery is absolute, in the absence of such a law, where the track is unfenced.

The first and third questions are answered in the negative, and the second and fourth in the affirmative.