## Ex Parte J. F. Gulledge.

### No. 267.    Decided October 27, 1909.

**Habeas Corpus—Stock Law—Election—Description.**

A petition for an election upon the stock law, which does not describe the subdivision of the county for which the election is to be held by metes and bounds, but simply describes it by the number of the Justice precinct, the county and State, is insufficient. Following Cox v. State, 88 S. W. Rep., 812, and other cases.

From Cherokee County.

Original application for writ of habeas corpus asking release from arrest for a violation of the stock law.

The opinion states the case.

*Morman & Shook,* for relator.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is an original application for writ of habeas corpus made to this court in term time. The application involves the validity of the stock law election held in Cherokee County. It is averred and proven that the petition upon which the election was held, as well as the order of the commissioners court, the notices of election, and the proclamation of the county judge putting same in effect and ordering said election contained no particular description by metes and bounds of the territory in which such election was to be held, and in fact was thereafter held, other than as justice precinct No. 2, Cherokee County, Texas, and it is, therefore, averred that said election by reason of the failure to describe particularly such justice precinct No. 2 by metes and bounds is invalid. That such an election is invalid is too clear for discussion. Article 4980 of the Revised Civil Statutes is as follows: "Such petition shall set forth clearly the class or classes of animals enumerated in the preceding articles which the petitioners desire shall not run at large in such county or subdivision, as the case may be; and if the petition be from the freeholders of a subdivision of any county such subdivision shall be particularly described and the boundaries thereof designated." Applicant's position has been sustained directly both by the decisions of this court and the Supreme Court. Cox v. State, 88 S. W. Rep., 812; Railway Company v. Tolbert, 101 S. W. Rep., 206; Railway Company v. Tolbert, 90 S. W. Rep., 508. In this connection it should

be stated that originally application was made to the county judge of Cherokee County, who endorsed on such application a statement that his own judgment was that the writ should be granted, but that in view of the importance not only to relator but to the inhabitants of the territory to be affected by the decision, and inasmuch as by the discharge of the relator there could be no such authoritative decision of the question as was to be desired, it was suggested that the application be made to us in the first instance. We think the authorities above cited are conclusive, and that indeed the matter is settled past discussion.

Relator is accordingly ordered discharged.

*Relator discharged.*