### BOB HILL v. THE STATE.

#### No. 354. Decided January 26, 1910.

**Stock Law—Information—Order of Election.**

In a prosecution for wilfully violating the stock law adopted in the county after a local election, where the information failed to allege that the Commissioners Court passed an order directing an election to be held for the purpose of determining whether stock should be permitted to run at large in said county, the same was fatally defective; it was essential to allege and prove the precedent steps required by law to enact the local law.

Appeal from the County Court of Montague. Tried below before the Hon. J. W. Ritchie.

Appeal from a conviction of a violation of the stock law; penalty, a fine of $5.

The opinion states the case.

*Geo. S. March,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of Montague County on September 7, of the last year, wherein appellant was found guilty of wilfully turning out and causing to be turned out on land not his own or under his control, certain cattle in violation of the local stock law.

The information on which this charge was based, so far as material, is as follows:

"Said act and offense was committed after the following proceedings were had in Montague County, Texas: A petition of more than one hundred freeholders of Montague County, Texas, with not less than twelve freeholders from each of the eight Justice Precincts of said county was presented to the Commissioners Court of said county asking that said court order an election in and throughout said county for the purpose of determining whether or not horses, mules, jacks, jennets and cattle shall be permitted to run at large in said county.

"That at the next regular term after the filing of the aforesaid petition, the Commissioners Court of said county made and passed an order directing an election to be held in and throughout Montague County,

Texas, not earlier than thirty days after said order was passed and made.

"That immediately after the passage of said order by said court the county judge of said Montague County, Texas, issued an order for said election and caused public notice thereof to be given for at least thirty days before the day of the election thereof, by publication of said order of said election in a newspaper in Montague County, Texas.

"That in accordance with law said election was held in and throughout Montague County, Texas, and the returns duly made to the county clerk of said county and were opened, tabulated and counted by the county judge of said county in the presence of the county clerk and a justice of the peace of said county.

"Said count showed that a majority of the votes cast were cast for the stock law, whereupon the county judge of said county immediately issued his proclamation declaring the result of said election in accordance with the count had, which proclamation was posted at the courthouse door for thirty days."

It was contended in the court below, and is now contended, that the information is insufficient in that it is not in terms stated that the Commissioners Court passed an order directing an election to be held for the purpose of determining whether stock should be permitted to run at large in said county, or that the order of the court directing notices thereof were to this effect, or that the election was held for this purpose. This being a local law, it was essential to prove the precedent steps required by the law of the land. In order to admit such proof the information must in terms declare that the essentials of the law were complied with. We may infer perhaps that the Commissioners Court of Montague County passed an order directing an election to be held for the purpose of determining whether or not horses, mules, jacks, jennets and cattle should be permitted to run at large in the county, but it is evident that this is not directly and positively alleged in the information. We think that the motion to quash on this ground should have been sustained, and that under the information filed no conviction can be upheld.

For the error pointed out, the judgment is reversed and the prosecution ordered to be dismissed.

*Reversed and dismissed.*