### SCHAFF v. PAGE. (No. 7969.)

(Court of Civil Appeals of Texas. Dallas. May 11, 1918. Rehearing Denied June 1, 1918.)

RAILROADS ☜446(6) — INJURIES TO LIVE STOCK — CATTLE GUARDS — ABSENCE OF FENCE.

In an action for damages to live stock injured in defendant's railroad trestle because of absence of cattle guards at a public crossing, a verdict for defendant should have been directed; the live stock not having been hurt in a collision with a train, and the condition of the fence being such that it constituted no fence at all, since where a railroad company's road is not fenced the company is not liable in damages for injuring live stock unless there is an actual collision between one of its trains and the stock.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by W. N. Page against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Collins, Morrow & Morrow, of Hillsboro, for appellant. J. Webb Stollenwerck, of Hillsboro, for appellee.

TALBOT, J. This suit was brought by the appellee to recover of appellant as receiver of the Missouri, Kansas & Texas Railway Company of Texas, damages in the sum of $360, alleged to have been sustained by reason of injuries received by a mare and mule owned by him, through the negligence of appellant, within the limits of a precinct in which the stock law prohibiting horses, mules, and certain other animals from running at large was in force. The mare and mule escaped from appellee's lot, distant from the railroad about one mile, some time during the night of June 5, 1916. The appellee saw the animals in his lot in the early part of the night and the lot gate was then closed, but whether fastened or not he did not know. The next morning the gate was closed, but it was then discovered that it was not latched or in any way fastened. It seems that the stock must have passed out at the gate, but just how the gate was opened and then closed after their exit does not appear. About 4 o'clock next morning after the animals escaped from appellee's lot they were discovered by some men traveling in an automobile from Waco to Hillsboro. The mare was in a trestle or bridge forming a part of the Missouri, Kansas & Texas Railroad Com-

pany's roadbed spanning Cobb's creek, and the mule standing on the right of way nearby. This was westward and about a mile from appellee's house. The men traveling in the automobile stopped and succeeded in extricating the mare from the trestle, but in doing so she fell to the ground below, a distance of about 12 feet. Both of the animals were badly injured, and the appellee lost much time and was put to considerable expense in doctoring and caring for them. The railroad right of way was fenced and about a mile from the trestle where the animals were injured there was a public dirt road crossing and cattle guards had been put in there, but at the time the animals in question escaped from the appellee's lot the cattle guards on either side of the railroad track had been removed, and with the exception of the guards between the iron rails of the track there were no guards, and their absence afforded easy access to appellant's right of way and roadbed within the fence inclosure. There were also in the fence inclosing the railroad near this point gates, which seem to have been put in for the benefit of Orr, whose farm adjoined the railroad right of way, but which were used. pretty generally by persons living in the neighborhood. The morning after appellee's stock escaped from his lot these gates were standing open, and the testimony shows they stood open practically all the time. The testimony, however, shows very conclusively, we think, that appellee's mare and mule passed along the public road mentioned, which ran near his premises, down to the public crossing over the railroad and then over the place where the cattle guards should have been placed onto appellant's right of way and roadbed. There is no evidence that either of the animals came in contact with or was struck by one of appellant's trains, and the evidence adduced would not sustain a finding that the animals were frightened by one of appellant's trains and thereby caused to run on or into the trestle. A jury trial of the case resulted in a verdict and judgment for the appellee in the sum of $360. From this judgment the appellant perfected an appeal to this court, and presents several assignments of error.

The first is that the trial court erred in refusing to give an instruction requested by appellant directing the jury to return a verdict in its favor, and since we have reached the conclusion that the evidence fails to show liability on the part of appellant and that this instruction should have been given, the other assignments need not be discussed. Our reasons for concluding that the appellant was not shown to be liable to appellee for the damages suffered on account of the injuries to his mare and mule are: (1) That the undisputed evidence shows that appellant failed to have cattle guards at the public road crossing mentioned; (2) that neither of the animals in question was struck by a train of the appellant; (3) the Supreme

Court of this state has held, in effect, that a railroad fence in such a condition as that in question near the place where the animals were injured "was, in law, no fence at all at that place" (Railway Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206; Railway Co. v. Webb, 102 Tex. 210, 114 S. W. 1171); and (4) the rule of law that where the railway company's road is not fenced the company is not liable in damages for killing or injuring stock upon its road unless there was an actual collision between one of its trains and the stock killed or injured. The fact that the stock law was in force does not, we think, materially affect the question in view of the facts of this case.

In Railway Co. v. Webb, supra, the Supreme Court declares that it does not agree to the broad proposition contended for by the plaintiff in error therein, to the effect that without the amended statute of 1905, the stock law (Acts 29th Leg. c. 117) when put in force would supersede or displace the rule by article 4528 of the statute, so that railroad companies whose roads are unfenced or insufficiently fenced would not longer be under the absolute liability declared by that article. It is further remarked in that case that there are inhibitions, the failure to observe which might constitute a violation which would prevent the guilty person from being heard in the courts to complain of injuries to which his own wrong has contributed, and that this might enable a railroad company whose tracks were unfenced or insufficiently fenced to defeat such a person; but that the court could not see how the stock law could so operate against one guilty of no violation of it, and that the mere fact that an animal is at large is not necessarily a violation; that while a person who permits his stock to run at large in a district where the stock law is in force violates the law, yet if the animals, as they may often do, escape without fault on the part of their owners, such owners will be guilty of no offense against the law. The evidence in the case at bar would not warrant a finding that the appellee permitted his stock to run at large, or indeed that their escape from the inclosure in which they were confined was due to any culpable negligence on his part. In construing the amendment of 1905 and in declaring the law on which the character of the judgment in that case depended, the court say that:

"The effect" of that statute "is to put the case in the same attitude as if the stock law had never been adopted. The liability of the company is therefore absolute unless it had complied with the requirements of the law as to fencing its track. The evidence shows that there was an opening in the fence through which the horse passed and does not show that it was one which the company was required by law to make. The liability must be held to be the same as if the track had not been fenced at all at that place."

Under the authorities cited the question of appellant's liability must be considered

and determined from the standpoint that its track had not been fenced at all. So considered, it would have been absolutely liable in damages to the appellee had one of its trains come in contact with appellee's mare and mule, but as the evidence wholly fails to show any such contact, the appellee failed to make out a case against it, and the peremptory instruction requested by appellant should have been given. The case appears to have been fully developed, and it becomes the duty of this court to render such judgment as should have been rendered in the county court. It is therefore ordered that the judgment of that court be reversed, and that judgment be here rendered in favor of the appellant.

Reversed and rendered.