R. C. ALSOBROOK v. THE STATE.

No. 5482. Decided November 26, 1919.

**1.—Wilfully Permitting Hogs to Run at Large—Information.**

Upon trial of wilfully permitting hogs to run at large, where the information failed to allege the original petition for the election; an order by the Commissioners' Court for the election, the order by the county judge declaring the result of the election and a proclamation thereof, the same was bad on motion to quash. Following: Hill v. State, 124 S. W. Rep., 940.

**2.—Same—Petition for Election—Description of Boundaries.**

Where, upon trial of willfully permitting hogs to run at large, the evidence showed that the original petition for the election failed to allege with sufficient certainty the subdivision of the county where the law should apply after the election, the same was insufficient and all proceedings thereunder were invalid. Following: Ex parte Gulledge, 57 Texas Crim. Rep., 156, and other cases.

Appeal from the County Court of Franklin. Tried below before the Hon. W. R. Irby, judge.

Appeal from a conviction of willfully permitting hogs to run at large, under article 1231 Vernon's Penal Code; penalty, a fine of five dollars.

The opinion states the case.

*Wilkinson & Davidson,* for appellant.—Cited cases in the opinion.

*E. A. Berry,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Franklin County, Texas, of wilfully permitting hogs to run at large in alleged violation of the terms of Article 1241, Vernon's Penal Code, and his punishment fixed at a fine of five dollars. The trial was before the court, a jury having been waived.

Appellant made a motion to quash the complaint and information, the overruling of which is assigned as error. We believe, under the decisions heretofore rendered by this Court, the motion was well taken. It was held in the case of King v. State, 74 S. W. Rep., 773, that the indictment should allege: (1) a legal petition for the election; (2) an order by the Commissioners' Court for the election; (3) the order by the county judge, declaring the result of the election as provided by law, and (4) a proclamation, by publication or otherwise, for thirty days, of the result of the election. See also Hill v. State, 58 Texas Crim. Rep., 79, 124 S. W. Rep., 940. None of these allegations appear in the pleadings in the instant case.

We are further of the opinion that the petition for the election, which is in the record, does not measure up to the requirements of

our statute, and that all proceedings had thereunder were invalid. By the terms of Article 7211, Vernon's Civil Statutes, it is made imperative that a petition for a stock law election in a subdivision of a county "shall particularly describe such subdivision, and designate the boundaries thereof." This provision has been held mandatory both by this Court and our Supreme Court. Ex parte Gulledge, 57 Tex. Crim. Rep., 156; Ry. Co. v. Tolbert, 101 S. W. Rep., 206.

Referring to the petition for the election in the instant case, we note that in describing said alleged subdivision, its beginning call is as follows: "Beginning at a point on the west boundary line of Franklin County; the N. W. corner of *General Stock Law District;* thence east with the N. B. line *General Stock Law* to where same connects with," etc. We know of no possible construction which could make of this a legally sufficient call for the beginning of a boundary line for a sub-division so attempted to be set off and described under the terms of said statute. We have no recognized or known quantity of land or amount of territory which may be classified or described as "General Stock Law District," nor is the same any natural object or political line known to this Court; and hence, it must follow that such beginning call, and any subsequent boundary call referring to a general stock law district, would, in our view, be insufficient. We hold the election without any legal petition which would vitiate each step in the proceeding.

The judgment of the trial court will be reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*