INCE et al. v. BARBER et al. (No. 6793.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1922. Rehearing Denied May 3, 1922.)

Animals ⬤═50(2)—Petition for stock law election held sufficient.

Under Rev. St. arts. 7209, 7211, providing for special elections to determine whether hogs, sheep, or goats shall run at large, and that the petition for the election shall particularly describe the subdivision to be affected, a petition, describing the subdivision as, "All of Live Oak Peninsula, being all that portion of said county bounded on the east by Red Fish and Aransas Bays, on the north by Aransas and Copano Bays, on the south by the northern line of San Patricio county," *held* sufficient.

Appeal from District Court, Aransas County; M. A. Childers, Judge.

Suit by S. D. Ince and another against Edgar Barber and others. Petition dismissed, and plaintiffs appeal. Reversed and remanded.

Stroud & Gibson, of Beeville, for appellants.

John D. Wheeler, of Aransas Pass, for appellees.

FLY, C. J. This is a suit instituted by appellants, S. D. Ince and C. B. Boston, against appellees, 21 in number, to obtain a writ of injunction restraining them from permitting their hogs, sheep, and goats from running at large on that certain portion of Aransas county described as:

"All of Live Oak Peninsula, being all that portion of said county bounded on the east by Red Fish and Aransas Bays, on the north by Aransas and Copano Bays, on the west by Copano and Puerto Bays, and on the south by the northern line of San Patricio county line."

It was alleged that on March 22, 1921, an election was held in said subdivision, which resulted in a majority in favor of confining the animals in question, but appellees have failed and refused to confine said animals, but permit them to run at large and depredate on the crops of appellants. Appellees filed exceptions to the petition on the ground of misjoinder of persons and actions, and that the description of land included within which the law was voted, restraining the running at large of hogs, sheep, and goats, is so imperfect as to render the election null and void. The court sustained the last-named exception, and dismissed the cause of action.

Upon the petition of 20 freeholders of any subdivision of a county the commissioners' court of such county shall order an election in such subdivision on a day named in the order, to enable the freeholders in such subdivision to determine whether hogs, sheep, or goats shall be permitted to run at large in such subdivision. Rev. Stats. art. 7209. The petition for such election shall name the classes of animals which it is desired to confine, and such subdivision shall be particularly described, and the boundaries thereof designated. Article 7211, Rev. Stats. The requisites of the order for the election, notices to be given, the places where the election is to be held, managers to be appointed, qualification for voters, manner of voting, returns of election, and proclamation of the result and effect, are all distinctly set forth in the law. With no provision of the statute are we directly concerned in this case except the matter of description of the subdivision.

It has been held by the Supreme Court that the provision as to the description of the subdivision in the petition is fundamental, and must be absolutely complied with; that is, the "subdivision shall be particularly described and the boundaries thereof designated." Railway v. Tolbert, 100 Tex.

483, 101 S. W. 206. In that case the subdivision was described as precinct No. 1 of Hunt county, without giving the boundaries of such precinct. That decision has been followed in a number of cases, and is undoubtedly correct. In the Tolbert Case there was no attempt to give any boundaries, but merely a precinct of the county was given, whose boundaries would be unknown to a large proportion of the inhabitants of the precinct. In the case of Alsobrook v. State, 86 Tex. Cr. R. 271, 216 S. W. 167, it was held that such a beginning point was not given as would constitute a designation of the boundaries, and in the case of Watkins v. Vaughn (Tex. Civ. App.) 216 S. W. 480, notice of the result of the election was not properly given. It was held that it was necessary to allege and prove each of the steps required by law, in a case in which a special stock law is relied upon. The same ruling was made in Hill v. State, 58 Tex. Cr. R. 79, 124 S. W. 940, and Ex parte Gulledge, 57 Tex. Cr. R. 156, 122 S. W. 21. The case of Cox v. State (Tex. Cr. App.) 88 S. W. 812, is identical with the Tolbert Case. These are the cases relied upon by appellees to show that the description in this case is inadequate. In only one of them was there any attempt to give any lines or boundaries, and in that case, as indicated, the beginning point was held to be so vague and indefinite as to be no description.

The subdivision in this case is particularly described as "all of Live Oak Peninsula," and in order that there may be no mistake as to what is meant by that description it is bounded by natural objects about which there can be no mistake. It is frivolous to claim that the boundaries fixed by well-known bays are uncertain because it is not indicated whether high or low water mark is meant. We cannot see how that would be of interest to hog, sheep, goat, or man, as none of them could well run at large on the narrow strip of land between high and low water mark on the Texas coast, which is noted for its very low tides. The call for the bays was sufficient under the law, and fixed the boundaries beyond a reasonable doubt. Not only was the tract of land particularly described as "all of Live Oak Peninsula," a well-known piece of land, but it also described it as being a part of the southern portion of the county, followed by boundaries well defined and unmistakable on the east, north, and west by bodies of water,

as well known and fixed as would be the Mississippi river and more so, because the bays are more permanent and fixed than the river. The southern boundary of the tract is fixed by a line laid out by the state, the north line of the adjoining county of San Patricio. Could boundaries be plainer or more explicit? The land is particularly described, and the boundaries designated.

The northern line of San Patricio county, which is necessarily under the calls for the boundaries, the southern line of Aransas county, is a fixed call, and fully recognized in the very law under consideration, because under its terms when a whole county is to vote on the running at large of stock no boundaries are required because they are fixed and well defined. If all lines are sufficiently defined, one of them is well defined.

Appellees admit that the description of Live Oak Peninsula may be as accurate as bounding Texas by rivers and other states, and if so the description could not be more accurate. Where there are natural objects and they are called for, it is the highest type of description. Calls for natural objects, other things being equal, always control. Those calls are of higher dignity than any other, because more certain than any other.

The description given could not be clearer and more definite if it had started at a certain point thence in a certain direction with the meanders of some stream or body of water to certain points, then to the county line and to the place of beginning. The boundaries, all of them with the exception of the county line which is fixed by law, were fixed by the hand of nature, and are as constant and enduring as the hills or the mountains. Surveyors might disagree as to the location of corners and as to course and distance, but natural objects are true and immutable. The boundaries given in this subdivision leave no room for cavil or doubt as to what is meant by "all of Live Oak Peninsula," which is all the southern part of Aransas county bounded by certain fixed and unchanging natural objects. The description would in a deed convey the land included within the boundaries, and that too without any resort to evidence aliunde. No greater certainty in description than this is required by article 7211 of the Revised Statutes.

The judgment is reversed, and the cause remanded.