## TEXAS ELECTRIC RY. v. REESE. *
### (No. 181.)

(Court of Civil Appeals of Texas. Waco.
March 19, 1925. Rehearing Denied
April 16, 1925.)

**1. Railroads ⊕═410—Interurban railway liable for negligent killing of stock at crossing.**

Interurban railway is liable for killing of stock at crossing resulting from, negligent operation.

**2. Railroads ⊕═446(1)—Negligence. as to animals question for jury.**

Negligence as to animals killed at crossing is question' of fact for jury.

**3. Railroads ⊕═443(1)—Finding of negligence as to hog killed at crossing sustained.**

In action against interurban railway for killing hog at crossing, evidence *held* to sustain finding that car was being operated negligently.

**4. Animals ⊕═50(2)—Party claiming benefit of hog law must allege and prove adoption.**

Party claiming protection of law prohibiting hogs from running at large must allege and prove legal adoption of law at time and place where hog was killed.

**5. Animals ⊕═50(2)—Adoption of hog law held not shown.**

In action against interurban railway for killing hog, statute prohibiting hogs from running at large was not shown in force at time and place of killing, where petition and order for election were not shown to describe territorial limits embraced, within requirements of Rev. St. arts. 7211, 7214, 7221.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Carl Reese against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, and Wear, Wood & Wear, of Hillsboro, for appellant.

Collins, Dupree & Crenshaw, of Hillsboro, for appellee.

BARCUS, J. Appellee filed suit against appellant, an electric interurban railway, to recover damages for the killing of a fine registered Duroc boar, alleging its value to be $1,000. Appellee alleged appellant was negligent in failing to properly construct a gate in its right of way fence through which the hog passed onto appellant's right of way, and was guilty of negligence in. failing to keep the gate in repair, and was guilty of negligence in operating the car which killed the hog at a high and dangerous rate of speed, and in failing to ring the bell, or give any warning signals or slacken its speed. Appellee answered by general demurrer, general denial, and alleged that, where the hog was killed, the stock law, prohibiting hogs from running at large, was in force; that appellee was guilty of negligence in leaving the gate open and in letting his hog run at large; and that the killing of the hog was an unavoidable accident.

The cause was submitted to the jury on special issues. The jury found that appellant was guilty of negligence in not constructing a gate in its right of way, and in not providing proper fastenings for the gate, and in not, exercising ordinary care in the operation of the car in approaching the crossing where the hog was killed. The jury found that each of said acts of negligence was the proximate cause of the killing of the hog, and found that the value of the hog was $650, for which amount judgment was entered. The jury found that the killing was not the result of an unavoidable accident.

[1-3] The motorman in charge of the interurban which killed the hog testified that he saw the hog 450 feet before he struck it; that the car was running between 40 and 45 miles an hour on a level track; that he could not have stopped the car, running at that rate, under 1,000 feet; that he knew there was a crossing where the hog was killed and had been familiar with it for several years, and knew that stock was liable to be going across said crossing at any time; that, after he saw the hog, he used all the means at his command to stop the car, but was unable to do so; and that the car dragged the hog, which weighed about 900 pounds, about 300 feet, and the car then ran an additional 100 feet before he was able to stop it. Appellee testified he saw the interurban which killed the hog and that the horn was not blown and no warning given until the car was within 200 feet of the hog. Where an interurban railway fails to exercise ordinary care in the operation of its cars and runs same at a crossing at such a rate of speed that it amounts to negligence, and by reason thereof, kills stock, it is liable to the owner, and the question of negligence is one of fact to be determined by the jury. Southern Traction Co. v. Owens (Tex. Civ. App.) 198 S. W. 150 (writ refused); Lee v. I. & G. N. R. Co., 89 Tex. 583, 36 S. W. 63; H. & T. C. Ry. Co. v. Garrett (Tex. Civ. App.) 160 S. W. 111; H. & T. C. Ry. Co. v. Holbert (Tex. Civ. App.) 182 S. W. 1180; M., K. & T. Ry. Co. v. Withers (Tex. Civ. App.) 167 S. W. 5; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 817. We think the evidence in this case abundantly supports the verdict of the jury on the issue of negligence in the operation of the car.

[4, 5] Appellant alleged that the hog law was in force at the time and place where the hog was killed. In order for the hog law to be legally adopted in a subdivision of a county, among other requisites, it is necessary for a petition to be presented to the commis-

---

sioners' court, giving the metes and bounds of the proposed district (article 7211, Revised Statutes), and the order of the county judge in ordering the election shall specify the territorial limits to be affected (article 7214, Revised Statutes), and, after the election is held, the county judge shall declare the result by posting notices (article 7221, Revised Statutes). It is incumbent upon a party claiming the benefit of said law to both allege and prove that it has been legally adopted. M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483; 101 S. W. 206; Watkins v. Vaughn (Tex. Civ. App.) 216 S. W. 480; Alsobrook v. State, 86 Tex. Cr. R. 271, 216 S. W. 167; Ince v. Barber (Tex. Civ. App.) 241 S. W. 182; Johnson v. State, 92 Tex. Cr. R. 418, 244 S. W. 609. The order of the commissioners' court ordering the election in November, 1879, described it as precinct 1 of Hill county, Tex. The order did not state the kind of a precinct, whether it was a justice precinct or a commissioner's precinct. There was no petition for an election offered in evidence. The order for election stated one had been presented, but there was nothing to show the petition in any way described the territory embraced, or that the notice calling for the election described the territorial limits. We do not think the testimony was sufficient to show the hog law was in force at the time and place the hog was killed.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.