## TEXARKANA & FT. S. RY. CO. v. HARRIST.

### No. 4154.

Court of Civil Appeals of Texas. Texarkana.

Sept. 15, 1932.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for plaintiff in error.

Carney & Carney, of Atlanta, for defendant in error.

WILLSON, C. J. (after stating the case as above).

■ Plaintiff in error insists the judgment is erroneous, in that the evidence did not warrant a finding against it on account of any of the items of damage claimed by defendant in error, and particularly did not warrant a finding of damages against it on account of the killing of the hog. The contention is overruled. The evidence was plainly sufficient to support the findings of the jury as to all the damages awarded to defendant in error by the judgment, unless it was not sufficient to support the findings on which the award of $50 on account of the killing of the hog was based. The grounds of the contention with reference to that part of the judgment are that it did not appear that the hog was killed as a proximate result of either the overflow water, or of negligence on the part of plaintiff in error in the operation of its cars or engines.

■ It appeared in the evidence that on the night of the overflow defendant in error had his hogs in an inclosure and turned them out of the inclosure to keep them from drowning. As a witness he testified: "I got an ax and knocked some planks off and let my hogs out. * * * I was out after my hogs the next morning, and got three shoats before breakfast, and I said, 'Well, I will eat my breakfast before hunting the big hog' (the one killed). I heard a speedster coming and walked to the door and it was the section foreman. This hog had come up in front of my house to cross the track, and she could not cross without swimming, and she turned back, then she started to cross again and the speedster hit her." It appeared in the evidence, further, that plaintiff in error's track was not fenced at the place where the hog was killed, but it appeared, further, that the stock law to prevent hogs from being at large at that place was in force. There was no evidence warranting a finding that plaintiff in error was guilty of negligence in operating the motorcar as it did. So, the case as it related to the hog was that, it having been turned out of the inclosure it was in to save it from being drowned in water plaintiff in error negligently caused to be impounded, in attempting while at large in violation of the stock law to cross plaintiff in error's unfenced track, was struck and killed by one of its motorcars then being operated with due care on plaintiff in error's track:

By force of the statute (article 6402, R. S. 1925), if its track is not fenced a railroad company is "liable to the owner for the value of all stock killed * * * by the locomotives and cars of such railroad company in running over" its railway. But it is held that such a company, unless guilty of negligence, is not liable in damages for killing stock on its track, notwithstanding same was not fenced, if the law prohibiting such stock from running at large (articles 6930, 6937) was in force at the place where the same was killed. Missouri, K. & T. R. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206, 207; Ft. Worth & R. G. R. Co. v. Wilhite (Tex. Civ. App.) 210 S. W. 765.

So, it appears plaintiff in error's contention as to the hog should be sustained, unless the rule that "whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer" (22 R. C. L. 134 et seq.; Ft. Worth & D. C. R. Co. v. Westrup [Tex. Com. App.] 285 S. W. 1053), is applicable in the facts of the case. We think the rule is applicable, and that plaintiff in error's contention should be overruled.

It was not disputed in the evidence that it was necessary to turn the hog out of the inclosure to save it from drowning in water plaintiff in error negligently caused to be in the inclosure. We think it was not unreasonable to conclude that when plaintiff in error negligently caused the water to overflow defendant in error's land as it did, it should have anticipated it would be necessary to turn the hog out of the inclosure and that if it was turned out it might under the circumstances go upon plaintiff in error's track and be killed as it was.

As we view the record, there is no error in the judgment, and it is affirmed.