## COFFEE, County Atty., v. LIEB et al.

### No. 1791.

Court of Civil Appeals of Texas. Eastland.

April 30, 1937.

Thomas L. Blanton, Jr., of Albany, for appellant.

G. B. King, of Albany, for appellees.

FUNDERBURK, Justice.

Following a local option election in justice precinct No. 4 of Shackelford county, held on January 9, 1937, Henry Lieb and four others instituted this suit, which is an action to contest the election. Of the seven grounds of contest, two were sustained. The trial court concluded that the election was void because (1) "No proper order was entered by the commissioners' court calling said election," and (2) "that the notice as given was not for the time required by law and was not a substantial compliance with the statutes of this State."

In response to proper petition, the commissioners on December 28, 1936, passed the following order:

"Be it remembered that on this the 28th day of December, A. D. 1936, there came on a Special Term of the Honorable Commissioners' Court with the following officers present, to-wit: (Mr. L. C. Mc-Kelvy, Mr. C. E. Burns and Mr. H. C. Knight were present, and Mr. Homer T. Bouldin was also present) when the following proceedings were had, to wit:

"Whereas a petition signed by Forty-Nine (49) qualified voters of Justice Precinct Number Four (4) of Shackelford County, Texas, was duly presented to this Court requesting that this Court pass an order calling an election to be held in said Justice Precinct Number Four immediately to allow the qualified voters of said precinct to vote on the question: 'For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight,' and 'Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.' 'For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume,' and 'Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume,' and 'For legalizing the sale of all liquors,' and 'Against legalizing the sale of all liquors.' Motion was made by Commissioner Burnes and seconded by Commissioner McKelvy that an order pass calling, said election to be held on Saturday, January 9, 1937, in said precinct, and said election to be held in each of the three election precincts in said Justice Precinct, Post Oak, Hastings and Berryhill, on said day during the hours provided by law, and that the judges heretofore appointed by this Court to conduct general and special elections held in said precincts are to hold said election on January 9th, 1937.

"No further business appearing, court adjourned this the 28th day of December, A. D. 1936.

"[Signed] Homer T. Bouldin
"County Judge, Shackelford County, Texas."

The county clerk was not in attendance upon court when the order was made. The order was filed by the county judge in the county clerk's office on January 2, 1937. On January 6, 1937, the county clerk issued notices reading as follows:

"The State of Texas
"County of Shackelford
"To voters of Justice Precinct Number Four of Shackelford County, Texas:

"Notice is hereby given that the Commissioners' Court of Shackelford County, Texas, on the 28th day of December, 1936, passed an order calling for an election to be held in Justice Precinct Number Four of said County on Saturday, January 9th, 1937, and that said order provides that said election shall be held in each election box in said justice precinct on the said 9th day of January, 1937, between the hours of 8:00 o'clock A. M. and 7:00 o'clock P. M. as provided by law for the purpose of allowing the qualified voters of said Justice Precinct to vote upon the following issues which shall be printed on the ballots of said election:

"For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.

"Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.

"For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume.

"Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume.

"For legalizing the sale of all liquors.

"Against legalizing the sale of all liquors.

"Witness my official hand and seal of office this the 31st day of December, 1936.

"[Signed] R. S. Long
"County Clerk, Shackelford County, Tex.
"By [Signed] Margaret Darling, Deputy."

On the same day (January 6, 1937) three copies of said notice were posted by the sheriff at three schoolhouses in said precinct. On January, 11, 1937, the commissioners' court of Shackelford county at a regular meeting canvassed the returns of the election and declared the result to be in favor of legalizing the sale of vinous and malt liquors of alcoholic content not in excess of 4 per cent. by a majority of 15 votes; of vinous and malt liquors with alcoholic content not in ex-

cess of 14 per cent., by a majority of 16 votes; and of all liquors by a majority of 16 votes. The court having rendered judgment in accordance with the conclusions above stated, the statutory contestee has appealed.

On the question of the sufficiency of the election order, it is to be observed that it shows no action by the commissioners' court directing that the election be held. The purported order recites the presentation, nature, and contents of a petition for the election, and a motion by one of the commissioners that an order pass calling said election to be held at a time and at places stated, and that the regular judges hold same; but no action on the motion is shown. This defect in the order was recognized by the contestee and was sought to be obviated by parol testimony of one of the commissioners to the effect that the motion was put to a vote and carried, thus ordering the election in accordance with the prayer of the petition.

■ If such parol evidence was inadmissible for reasons other than that it was incompetent, we are of the opinion that any error in its admission has been waived. Contestee presents no cross-assignments of error specifying as a ground of error the ruling or action of the court in admitting the testimony. This court has had occasion in a number of cases to express its views upon the necessity of cross-assignments of error under such circumstances, among which, with the authorities cited, see Hardwicke v. Trinity Universal Ins. Co., 89 S.W.(2d) 500 (syllabus 7); Miller v. Fenner, Beane & Ungerleider, 89 S.W.(2d) 506 (syllabus 5); Texas Co. v. Graham, 107 S.W.(2d) 403.

■ If, however, the parol testimony was inadmissible, we think it was so for the reason that it was incompetent. In such case, even if the testimony was admitted without objection, it could not properly be considered in determining the sufficiency of the order. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. See also collation of authorities in United States Fidelity & Guaranty Co. v. Inman (Tex.Civ.App.) 65 S.W.(2d) 339.

■ Was the testimony inadmissible? Its admissibility is sought to be sustained on the principle declared in certain decisions to the effect that if an order is passed but not entered of record, it is not necessarily void because of the failure to enter it, and may be proved by parol evidence. Brown v. Ruse, 69 Tex. 589, 7 S.W. 489; Ewing v. Duncan, 81 Tex. 230, 16 S.W. 1000; Rusk County v. Maloney (Tex.Civ.App.) 38 S.W.(2d) 868; Marshall v. Simmons (Tex.Civ.App.) 159 S.W. 89; Whitaker v. Dillard, 81 Tex. 359, 16 S.W. 1084.

But, as we see it, the question is not one of proving an order which was actually made but not entered of record. The law requires the order to be in writing. This results as a necessary implication from the requirement that copies of the order shall be posted as notices of the election. Vernon's Ann.P.Code, art. 666—34. The order was in writing. The effect of the testimony, therefore, was to change the terms of the order by adding essential requisites. This, we think, was a violation of the parol evidence rule under the following authorities: Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634; Brown v. Reese, 67 Tex. 318, 3 S.W. 292; Polly v. Hopkins, 74 Tex. 145, 11 S.W. 1084; Ball v. Presidio County, 88 Tex. 60, 64, 29 S.W. 1042, 1043; City of Tyler v. L. L. Jester & Co. (Tex.Civ.App.) 74 S.W. 359, 366; King v. Marion County (Tex.Civ.App.) 202 S.W. 1052; Mosler Safe Co. v. Atascosa County (Tex.Civ.App.) 184 S.W. 324.

The validity of the order of election and of the notice of election may properly be considered together since the same principles are believed to be applicable to each. The defect in the order has already been stated. There were two defects in the notice: (1) The notice was not a copy of the order; and (2) it was not posted for at least six days before the day of the election. The statute requires the clerk to "post or cause to be posted at least one copy of said order in each election precinct * * * for at least six (6) days prior to the day of election." Vernon's Ann.P.C. art. 666—34. The notices were posted late in the afternoon of January 6, less than three days prior to the day of election.

We have been favored by counsel for both parties with very thorough and helpful briefs. The validity of the election was sought to be sustained by showing that, notwithstanding the defects in the order calling the election and in the notices of election and time of posting, there was a full and fair expression of the,

will of the qualified voters of the precinct. This, it is in substance contended, should be determinative in favor of the validity of the election. There is some authority to support that view. For example, in Corpus Juris, under the title of Elections, and subtitle "Special Elections," is the statement: "But failure to give the statutory notice will not of itself invalidate a special election * * * where it appears that the electors were in fact informed of the time, place, and purpose, of the election and generally voted for the candidates or upon the questions submitted; or where it appears that no different result was possible had all the voters participated in the election." 20 C.J. 97, § 82.

We think it may be assumed that had a proper order been made and the required notices posted for the time required by law, the result of the election would not have been different. We shall proceed upon that assumption without taking the time definitely to verify its correctness.

If a Constitution or statute prescribes the requisites of an order of election or notice of election under such circumstances that they constitute conditions upon which the authority is granted to hold the election, then there must be substantial compliance with such conditions. There is no natural right of a majority by means of an election to impose its will upon a minority. Therefore, "In all popular forms of government the power of a majority to bind the minority by a popular vote depends upon the fact that the elections are held by virtue of some legal authority, and an election held without affirmative constitutional or statutory authority is universally recognized as being a nullity." 20 C.J. 95, § 76; Missouri, K. & T. R. Co. v. Tolbert, 100 Tex. 483, 101 S.W. 206; Smith v. Morton Ind. School Dist. (Tex.Civ.App.) 85 S.W.(2d) 853.

The Constitution itself grants the right and power to the qualified voters of a justice precinct to determine, by a majority vote, whether the sale of intoxicating liquors shall therein be legalized; but the Legislature, in the exercise of its constitutional power, has, in effect, prescribed certain conditions upon which the right and power of such qualified voters shall be exercised. Among those provided are that the commissioners' court on its own motion may, or upon a prescribed character of petition shall, order an election; and the clerk of said court shall "post or cause to be posted at least one copy of said order in each election precinct in such political subdivision or county affected, for at least six (6) days prior to the day of election," etc.

These are the means prescribed by which the qualified voters of the precinct become fully vested with power, by majority vote, to legalize the sale of intoxicating liquors. In their absence, the power does not exist, or, perhaps more accurately speaking, the potential power never becomes actual or active. This may be better understood and appreciated if we suppose that, without any semblance of an order of election or notice thereof, the qualified voters had by common consent participated in an election precisely as was done, except that every qualified voter voted, and with the same result duly certified to the commissioners' court. It could not be seriously argued, we think, that such an election would be valid. It would be a nullity because in the absence of any order of election there would exist no jurisdiction to hold the election. The county clerk would have no jurisdiction to post or cause to be posted notices of the election, and as a practical matter could not possibly give notice as required by law in the absence of an order ever having been made; since the law requires the posting of copies of the order as notice. The election officers for all of said reasons would have no jurisdiction to hold and make returns of such election. Even if there were an order thus vesting the county clerk with jurisdiction to give the required notices, yet if the notices were not posted for "at least six (6) days prior to the day of election," the election officers would still be without jurisdiction to hold the election and certify the result, and the commissioners' court would be without jurisdiction to declare the result.

We have thus employed the word *jurisdiction* in the same sense as *authority;* the election order, the posting of notices and the time of posting being, for example, analogous to the action of a married woman in appearing before a notary, as essential to confer upon such officer authority to take and certify her acknowledgment to a deed. As said of

the latter in Wheelock v. Cavitt, 91 Tex. 679, 683, 45 S.W. 796, 797, 66 Am.St. Rep. 920: "But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, *she having in no way invoked the exercise of the officer's authority in that respect,* the certificate, however formal, is not binding upon her, even in favor of an innocent purchaser for value and without notice. * * * *In order to call into exercise the authority of the officer to make the certificate,* the grantor must appear before him for the purpose of acknowledging the instrument," etc. (Italics ours.) Just so, we think, in order to call into exercise the authority of the county clerk to "post or cause to be posted the required notices of the election," there must have been an order of election, in at least substantial compliance with the statute. In order to call into exercise the authority of the election officers to hold the election and make returns thereof and of the commissioners' court to canvass the returns and declare the result, the election notices must have been posted for "at least six (6) days before the day of election."

The Constitution and statutes in granting the power of local option, which, by the election in question the qualified voters of the precinct sought to exercise, may appropriately be likened to the terms of a deed of trust in granting to a trustee a power of sale. The specification of the conditions in the one are in no matter of principle unlike the specification of conditions in the other. "In selling under a deed of trust, the trustee must strictly follow the terms of such instrument, or the provisions of the law and the details prescribed as to the manner of the sale must be strictly pursued. * * * The grantor of the power is entitled to have his directions obeyed, to have the proper notice of sale given, to have it to take place at the time and place and by the person appointed by him.". 29 Tex.Jur. 975, § 137. Just as the power of sale never comes into active existence except by observance of the prescribed and prerequisite steps, so would the active power of the voters of said precinct to legalize the sale of intoxicating liquors never come into active existence unless there was an order of election and copy thereof posted for at least six days prior to the day of election.

It follows from what has been said that we are not in accord with the statement above quoted from Corpus Juris and the authorities relied upon by appellant, if they are intended to apply to an analogous state of facts to that before us. The true rule we think is stated in the preceding part of the same section quoted from Corpus Juris, as follows: "Where, as is usually the case in special elections, the time and place for holding the same are not fixed by law but are to be fixed by some authority named in the statute after the happening of a condition precedent, the statutes as to giving notice thereof are considered mandatory, and a failure to give notice or issue proclamation of such an election will render it a nullity." 20 C.J. 97, § 82. The same authority again says: "Where a statute authorizes the holding of an election only on the taking of a prescribed step, this prescribed step constitutes the foundation for holding the election and an omission to take it renders the election a nullity." 20 C.J. 95, § 77. When authority is granted to order an election upon the filing of a petition with prescribed requisites, it is further said: " * * * the presentation of such petition is a condition precedent to holding the election and unless signed by the number of qualified electors prescribed by the statutes, the election will be void. The petition must contain all the averments *necessary to give jurisdiction to call the election."* (Italics ours.) 20 C.J. 95, § 78. The Supreme Court case of Missouri, K. & T. Ry. Co. v. Tolbert, supra, is among those cited. In that case a stock law election was held void because the petition therefor instead of giving the boundaries of the district, as required by law, described the district as justice precinct No. 1.

We think the principles discussed in the opinion by Judge Leddy in Countz v. Mitchell, 120 Tex. 324, 38 S.W.(2d) 770, 773, are decisive. This opinion having the approval of the Supreme Court recognizes the existence of jurisdictional requisites to the validity of special elections. It is an authority against the contention that the final and conclusive test of the validity of such an election is that the qualified voters have in fact had full and fair opportunity to express their

choice in the election. After declaring the rule that failure to give notice of a general election does not render the election nugatory, the court said:

"But, where the election is a special one, to be called and the time and place fixed by some authority, it is essential to the validity thereof that it be called or ordered by the very authority designated by law and none other. * * * It is immaterial that there was a full and fair expression of the voters of the proposed district, as there can be no valid election if the same has not been called by lawful authority. The rule on this question is thus stated in Cyc. vol. 15, p. 317: 'There can be no valid election without some lawful authority behind it. The right to hold an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature.'

"If it had been shown that the entire electorate of the district to be affected had unanimously voted in favor of the question submitted in the election, it would not result in a legal annexation of the school districts to the Huntsville independent district, for if the election was illegally called, the vote therein was without any legal effect whatever. Supervisors of Marshall County v. Cook, 38 Ill. 44, 87 Am.Dec. 282; Stephens v. The People, 89 Ill. [337] 343."

This accords with the statement in Reynolds Land & Cattle Co. v. McCabe, 72 Tex. 57, 12 S.W. 165, that: "When a statute which authorizes a special election for the imposition of a tax prescribes the form in which the question shall be submitted to the popular vote, we are of opinion that the statute should be strictly complied with," etc.

We indorse, as a correct statement of the law applicable to this case, the words of Judge Reese in Hill v. Howth (Tex. Civ.App.) 112 S.W. 707, as follows: "If a local option election is ordered and held without the proper number of notices posted, or with notices posted for an insufficient length of time, or the order of election or the notices do not describe the territory for which the election is to be held, and every legal voter in the territory voted at such election, it could not be contended that because no harm

was done by the failure to post the notices, or to describe the territory to be affected, the election would be valid." The reason given was that the real question was "whether the election was ordered and held in conformity to the provisions of the statute."

It would too greatly extend this opinion to attempt a detailed discussion of the decisions relied upon by appellant. Some of them are not election contest cases. McKinney v. O'Connor, 26 Tex. 5 (suit for office); Fowler v. State, 68 Tex. 30, 3 S.W. 255 (quo warranto); Buchanan v. Graham, 36 Tex.Civ.App. 468, 81 S.W. 1237 (suit for office); Hill v. Smithville Ind. Sch. Dist. (Tex.Civ. App.) 239 S.W. 987, 991; Id. (Tex.Com. App.) 251 S.W. 209, 211 (injunction to restrain taxes). Only one decision is believed to be certainly in point contrary to our conclusion, and that is Norman v. Thompson, 30 Tex.Civ.App. 537, 72 S.W. 64. As pointed out in Ex parte v. Conley (Tex.Cr.App.) 75 S.W. 301, the Supreme Court in Norman v. Thompson, 96 Tex. 250, 72 S.W. 62, held that the Court of Civil Appeals had no jurisdiction of the question upon which the holding was made. Some of said decisions apparently fail to note any distinction between general elections and special elections. What was said upon the point in Hill v. Smithville Ind. Sch. Dist., supra, was dicta, since it was held that the required notices were given according to law.

It is conceded that according to an unbroken line of decisions of the Court of Criminal Appeals the election was void. We shall not discuss the question (nor rest the decision upon it) concerning the relative weight as authority of the opinions of the Court of Criminal Appeals and of the Supreme Court. It is our view that the decisions of the Supreme Court are not in disagreement with those of the Court of Criminal Appeals. Particularly is this true when proper effect is given to the decision in Countz v. Mitchell, supra.

■ Upon both principle and authority it is our opinion that the election was void, and that the judgment of the court so holding should be affirmed. It is accordingly so ordered.