

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 10, 1949

Hon. J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Opinion No. V-899

Re: Validity of an optional
county road law election
order without the peti-
tion prescribed by law.

Dear Mr. Williams:

Your request for an opinion relating to Sec-
tion 2 of the Optional County Road Law of 1947 is sub-
stantially as follows:

"Is the filing of the petition for
the election with the Commissioners Court
a condition precedent to the exercise of
power to call the election?"

Section 2 of Article 6716-1, Vernon's Civil
Statutes, a portion of the Act commonly referred to as
the Optional County Road Law of 1947, is as follows:

"By a majority vote of its qualified
voters, any county in this state, at an
election held for that purpose, may adopt
the provisions of this Act for the con-
struction and maintenance of county roads
and bridges and for the expenditure of the
County Road and Bridge Fund. Such question
shall be submitted to the qualified voters
of such county at a general or special elec-
tion by the Commissioners Court of such coun-
ty, upon petition of a number of qualified
voters of such county equal to ten (10) per
cent of the number voting for Governor at
the last preceding general election in such
county, not less than thirty (30) days nor
more than sixty (60) days after the petition
is filed with the Commissioners Court. The
ballot for such election shall read:

"'For the Optional County Road Law
of 1947'; or

"'Against the Optional County Road
Law of 1947.'

"If there be a favoring vote at such
election, the provisions of this Act shall
become effective with the official procla-
mation of the results of such election.   In
like manner, a county having voted to come
under the provisions of this Act, may vote
to abandon the provisions of this Act, but
no election on the questions of adopting
or abandoning the provisions of this Act
shall be held oftener than every two (2)
years."

The Commissioners' Court, being a court of
limited jurisdiction, may not adopt the provisions of
the Optional County Road Law of 1947 except by compli-
ance with such Act.   One of the requirements of said
Act is that an election be held for the purpose of de-
termining if a particular county is to participate.   A
prerequisite to the election is a petition therefor of
a number of qualified voters equal to ten percent of
the number voting for Governor at the last general elec-
tion.

"Where a statute authorizes an elec-
tion on specific questions when petition-
ed for, the presentation of such a peti-
tion, signed by the prescribed number of
qualified voters and containing the pro-
per averments, is a condition precedent
to holding the election."   29 C.J.S. 92,
Elections, Sec. 69.

In the case of Coffee v. Leib, 107 S.W.2d 406
(Tex.Civ.App.1937), at page 410, the court stated:

". . . the presentation of such petition
is a condition precedent to holding the
election and unless signed by the number
of qualified electors prescribed by the
statutes, the election will be void.   The
petition must contain all the averments
necessary to give jurisdiction to call
the election."

This office in opinion No. O-2750, dated October 1, 1940, stated:

"If a county comes within the provisions of Article 4478, this department construes that article to mean that a petition is a necessary prerequisite to the calling of an election for the purpose of voting bonds for the purposes enumerated in this statute."

Inasmuch as the statute expressly requires the submission of a petition for an election, it is our opinion that the clear provisions of the Act makes the filing of such petition a condition precedent for such election.

## SUMMARY

The filing of a petition of a number of qualified voters of a county equal to ten per cent of the number voting for Governor in the preceding general election is a condition precedent to the exercise of power to call an election pursuant to the Optional County Road Law of 1947. Art. 6716-1, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:eb:mw

APPROVED

Price Daniel
ATTORNEY GENERAL